UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth John BANASHEFSKI,
Defendant–Appellant.

No. 89–2282.

United States Court of Appeals,
Tenth Circuit.

March 19, 1991.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Robert J. Gorence, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., and Stephen R. Kotz, Asst. U.S. Atty., on the brief), for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, LOGAN and BALDOCK, Circuit Judges.

HOLLOWAY, Chief Judge.

In this case, we examine defendant-appellant Banashefski's contention that the district court erroneously factored in an earlier state court conviction as a "prior sentence" in augmenting his sentence following a guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(2), 924(a)(2). Because we conclude that Banashefski's convictions were based on separable instances of conduct, we affirm.

## I.

The facts are not in dispute. On September 16, 1988, in Valencia County, New Mexico, defendant Banashefski was arrested while driving a stolen, 1980 Dodge Diplomat. In the trunk of this car was a brown suitcase, containing a sawed-off, double barrel 12 gauge shotgun, shotgun shells, narcotics paraphernalia, and an undeveloped roll of film.

Banashefski was arrested as a result of an investigation, initiated earlier the same day, by Belen police detectives Sanchez and Gallegos. Pursuant to the investigation, Sanchez and Gallegos began a "stake out" of room # 30 at the Rio Community Resort Motel near Belen. While there, the detectives ran a computer check on a maroon, 1980 Dodge Diplomat, parked by the room. The computer check revealed that the car was stolen. Under the direct observation of Sanchez and Gallegos, Banashefski was seen exiting the room carrying a brown suitcase. As the detectives watched, he took the suitcase over to the Dodge and placed it in the trunk. He then returned to the motel room.

Approximately thirty minutes later, while maintaining surveillance on the car and the room, the detectives saw Banashefski and three other individuals exit the room and get into the car, with Banashefski driving. The detectives followed the stolen Dodge in their own car, radioing for a marked patrol car to make a stop. Patrolman Savilla responded and stopped the Dodge. Banashefski was arrested. Before towing the Dodge, detective Gallegos and officer Savilla conducted an inventory search of the car. In the trunk, they found the shotgun, ammunition and film inside the brown suitcase. From the main interior compartment, they recovered several handguns. At a later date, the roll of film was developed, revealing a photograph of Banashefski holding a sawed-off shotgun similar to the one in the suitcase. *See*

Presentence Report at 3–4; Government's Response to Motion to Suppress, filed June 2, 1989.

## II.

Banashefski was indicted in the New Mexico state court, in Valencia County, for possession of a stolen vehicle (the Dodge Diplomat), possession of a stolen firearm (one of the handguns), possession of a firearm as a felon, and possession of drug paraphernalia. On April 3, 1989, Banashefski pled guilty to possession of the stolen vehicle and was sentenced to incarceration for one year. The remaining charges were dismissed.

On April 13, 1989, a federal grand jury indicted Banashefski in a two-count indictment, alleging in Count I, possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(1)(B), and in Count II, possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. On August 29, 1989, Banashefski, pursuant to a plea agreement, pled guilty to a single-count information which charged him with being a felon in possession of a firearm. The federal indictment was dismissed. A presentence report ("PSR") was prepared and sentencing was scheduled for November 6, 1989.

In the PSR, Banashefski's offense level was calculated at 7. His criminal history score, including 2 points assessed for the state stolen vehicle conviction, was 14— putting him in criminal history category VI. *See* PSR at 4–7. By written and oral motions before and during his sentencing hearing, Banashefski objected to the inclusion in the PSR of this state sentence as a "prior sentence" for purposes of computing his criminal history category under § 4A1.1 of the United States Sentencing Commission, *Guidelines Manual* (1989) ("U.S.S.G.").[1] The state conviction, he argued, arose out of the same offense/conduct as

---

1. Banashefski also moved for downward departure, alleging that had the state and federal charges been consolidated, his subsequent sentences on the stolen vehicle and firearm charges would have been imposed concurrently. Thus, he argued below, the consecutive sentences he would now receive resulted solely from the delay in bringing the federal charges—a situation not contemplated by the Sentencing Guidelines Commission. The district court did not depart downward and Banashefski does not present this argument on appeal.

the felon in possession charge, and, thus, should not be counted as a "prior sentence" as defined in § 4A1.2(a)(1). On appeal, Banashefski points out that in its discussion of "Related Cases," the PSR (¶ 9) lists the charge in Valencia County, New Mexico, against Banashefski for possession of a stolen vehicle, and his guilty plea and sentence thereon, and his state court sentence for being a habitual offender.

At sentencing, the district court determined that no evidentiary hearing was necessary since there was no dispute as to the facts. The court adopted the computations in the PSR. The guideline range, as determined by the district court, was 15 to 21 months' imprisonment.[2] Noting both the presence in the car of several weapons and Banashefski's "continuous disrespect for law and order[,]" TR at 8, the district court sentenced Banashefski to 21 months' imprisonment, the top of the guideline range.

On appeal from this sentence, Banashefski argues that the state stolen vehicle conviction "should not have been included in the calculation of his criminal history, and, therefore [its inclusion] resulted in an erroneous sentence." Appellant's Brief at 3.

### III.

■ We review a district court's application of the sentencing guidelines to the facts under a "due deference" standard, while reviewing the overall application of the guidelines for "errors of law," subject to a *de novo* review. *See United States v. Smith,* 900 F.2d 1442, 1445 (10th Cir.1990); *United States v. Kirk,* 894 F.2d 1162, 1163 (10th Cir.1990). We begin, as with statutory interpretation, with the language of the guidelines, and move to the Commentary, and Supplementary Illustrations in instances of ambiguity. *See Smith,* 900 F.2d at 1446–47.

■ For purposes of calculating the criminal history score, a "prior sentence" is "any sentence previously imposed upon adjudication of guilt, ..., *for conduct not*

*part of the instant offense."* U.S.S.G. § 4A1.2(a)(1) (emphasis added). Clearly, the state court sentence can be deemed a "prior sentence" even though it was imposed between the date of the instant federal offense and the date of the federal sentencing. *See Smith,* 900 F.2d at 1446–48 (10th Cir.1990). As noted in *Smith,* the Commentary to § 4A1.2 explains that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." *Id.* at 1447 (quoting Application Note 1). Thus, Banashefski may only succeed on appeal if his state conviction was for conduct that constitutes a part of the instant federal felon in possession offense.

■ Banashefski argues that the state stolen vehicle offense was "conduct that was part of the instant offense" because at the time of his arrest, his possession of the shotgun in the trunk was constructive, and thus, "implied because he was driving the car." Appellant's Brief at 6. Moreover, he argues, since the original state charges included an alleged violation of the state's own felon in possession statute, this further proves that the offenses arose from the same conduct. Banashefski cites, by analogy, guidelines cases construing § 4A1.2(a)(2), dealing with "related cases," and argues that the Sentencing Commission intended to treat offenses occurring on a single occasion, or as part of a common scheme, as involving the same conduct for sentencing purposes. However, neither the instant facts, nor the authorities cited, persuade us that Banashefski's two possessory offenses involved a single act of conduct.

First, and foremost, Banashefski mischaracterizes the evidence against him as constituting only proof of his "constructive possession" of the firearm. During his plea colloquy where the district court ascertained the factual basis for his guilty plea,

---

**2.** Had the state stolen vehicle sentence been omitted, Banashefski would have been placed within criminal history category V, with a resultant guideline range of 12 to 18 months. On appeal, he argues for a sentence correction within this range.

Banashefski stated: "On September 16th, 1988, I possessed a firearm in Valencia County, New Mexico, and I've been convicted of a felony in the past." Transcript of Proceedings, dated August 29, 1989. This statement, coupled with the uncontested observations of the surveilling Belen detectives established that Banashefski physically carried the shotgun, albeit secreted in the brown suitcase, out of the motel room. As shown by the record, the suitcase and weapon, placed in the trunk by Banashefski, remained undisturbed until he was stopped driving the stolen car a short time later.

Thus, there was nothing "constructive" about his possession of the shotgun, in that he was actually seen carrying the suitcase holding it, and has implicitly admitted knowing it was in the suitcase. Indeed, on these facts, there could be no other basis for admitting his knowledge. That he, shortly thereafter, also exercised possessory control over the stolen car is irrelevant to the existence of his federal crime. That crime, felon in possession, was complete *before* he approached the car, and continued as well. The after-the-fact discovery of a possessory offense does not detract from the unlawfulness of the earlier act of possession. *See, e.g., United States v.*

*Massey,* 687 F.2d 1348, 1354 (10th Cir.1982) (defendant convicted of unlawful possession of marijuana he harvested earlier the same day even though he was not in the transporting car upon discovery); *United States v. Henry,* 468 F.2d 892 (10th Cir. 1972) (defendant, observed by police driving a motor home, subsequently convicted of possession with intent to distribute narcotics later discovered in the abandoned vehicle). Banashefski's knowing violation of the felon in possession statute involved separate conduct within the meaning of § 4A1.2—conduct which was "not part of the instant offense."

■ Admittedly, this would be a more difficult case had Banashefski not been observed before entering the stolen car and had his only link to the shotgun been its mere presence in the trunk.[3] But as noted, there were two severable instances of unlawful possessory conduct which support treating the state conviction as a "prior sentence" under the guidelines. Since there were severable instances of unlawful conduct, the fact that the state initially brought multiple charges against Banashefski for the events of September 16 adds nothing to his argument on appeal.[4]

Nor do the cases cited by Banashefski provide a basis for upsetting the sentence.

---

**3.** To date, few courts have directly addressed the meaning of the "prior sentence" provision of § 4A1.2(a)(1). In *United States v. Garcia,* 909 F.2d 389 (9th Cir.1990), the defendant, stopped by police for speeding, was arrested for possession of a small amount of methamphetamine and a bundle of counterfeit $50 bills. Without elaboration, the Ninth Circuit affirmed the federal sentence for possession of counterfeit money over Garcia's objection that his sentence should not be augmented by the "prior sentence" incurred by his state conviction for possession of the methamphetamine. *See id.* at 392.

In *United States v. Crosby,* 913 F.2d 313 (6th Cir.1990), the defendant appealed the use of his state court drug conviction as a "prior sentence" to augment his federal sentence for involvement in a continuing criminal enterprise ("CCE"). The conduct for which Crosby was prosecuted in state court also had established an element of the CCE charge. The *Crosby* court admitted that "[u]nder a natural reading of the guidelines, conduct that is an element of an offense would normally be considered 'part' of that offense" for purposes of § 4A1.2(a)(1). Neverthe-

less, the court affirmed the federal sentence, noting that the guidelines specifically contemplated the special situation presented by CCE prosecutions. *See id.* at 314–16. *But cf., United States v. Belton,* 890 F.2d 9, 11 (7th Cir.1989) (dicta noting that had the defendant been sentenced for federal drug conspiracy under U.S. S.G. Chapter 4, his state conviction for cocaine possession "would not be a part of his criminal history usable to enhance his sentence.")

**4.** The government's brief argues that the double jeopardy analysis in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), is sufficient to show that the conduct is separate because the federal and state charges each involve proof of an element that the other does not. In light of the recent revision of double jeopardy analysis in *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), however, this approach is questionable. In any event, there is no double jeopardy question presented here because the convictions are by different sovereigns. *See Heath v. Alabama,* 474 U.S. 82, 88–91, 106 S.Ct. 433, 437–439, 88 L.Ed.2d 387 (1985).

These cases construe the term "related cases" used in § 4A1.2(a)(2). It is true that § 4A1.2(a)(2) provides that "Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." According to the Application Notes commentary, cases are considered related if, *inter alia*, they "occurred on a single occasion." However, as we explain, here the possessory acts are separable.

Moreover, the basic issue here concerns whether there was a "prior sentence," and § 4A1.2(a)(1) of the Guidelines says this means any sentence previously imposed "for conduct not part of the instant offense." *United States v. Garcia,* 909 F.2d 389, 392 (9th Cir.1990), points out that the commentary that "Cases are considered related if they (1) occurred on a single occasion" was meant to explain the term "related cases" used in § 4A1.2(a)(2), but that there is no indication that the commentary was intended to define the words "conduct not a part of the instant offense" used in § 4A1.2(a)(1). The *Garcia* opinion rejected a contention that a state sentence for possession of a drug was imposed for conduct that was part of the same offense, a federal charge of possession of counterfeit money seized from the defendant Garcia in the same arrest where the drug was seized. *Id.* at 392. *But see United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990). The analysis under another statute in *United States v. Schieman,* 894 F.2d 909, 913 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990), cited by Banashefski, supports treating the two instances of possessory conduct here as severable.

Finally, Banashefski's reference to the guidelines' Supplementary Illustrations is equally unconvincing. He directs our attention to the Illustrations for what he apparently presents as a parallel example to his own case. Under the heading "Prior Sentence Defined" he cites Example A.3 which reads:

> The instant offense (a bank robbery) was committed on 11–1–87. The defendant is to be sentenced on 4–1–88. The defendant's criminal history includes a conviction on a state charge of possession of stolen property (the money taken during the instant offense). On 2–15–88, the defendant was sentenced to imprisonment for one year for that offense.

> No criminal history points are assigned for the sentence imposed on 2–15–88. A "prior sentence" does not include a sentence for conduct that was a part of the instant offense.

Supplementary Illustrations, Criminal History, at 2 (emphasis and citations omitted). This example, however, reaches too far beyond the instant facts to be applied here. As the government points out, "[t]his example would apply here if the firearm was stolen and Banashefski had been convicted in state court for possession of the stolen firearm." Brief of Appellee at 9. On the record facts before us, this example is inapposite here.

In sum, we hold that the possessory acts of conduct in this case are separable and the district court did not err by using the sentence imposed for the state stolen vehicle conviction as a "prior sentence" within the meaning of § 4A1.2(a)(1). That prior sentence was "for conduct not part of the instant offense," § 4A1.2(a)(1). The court sentenced Banashefski to 21 months, the maximum allowable within the selected guideline range. In doing so, the court noted his "continuous disrespect" for the law and the presence of several other firearms accessible to him in the stolen car. These uncontroverted findings support a sentence at the top of the guideline range. Accordingly, the sentence imposed by the district court is AFFIRMED.