**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**James Edwin WALLING,**
**Defendant–Appellant.**

**Nos. 90–1198, 90–1199.**

United States Court of Appeals,
Tenth Circuit.

June 6, 1991.

Stephen C. Peters, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Richard D. Irvin, Boulder, Colo., for defendant-appellant.

Before ANDERSON, BALDOCK and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

James Walling appeals the 41–month sentence imposed upon him pursuant to the United States Sentencing Guidelines for various counterfeiting offenses. He contends that the district court erred when it added two points to the calculation of his criminal history score because of a conviction in Mississippi for counterfeiting offenses committed after the instant offense. We affirm.

The chronology of Mr. Walling's offenses is not disputed. The conviction in this case arose from counterfeiting offenses committed on or prior to August 22, 1988, for which federal charges were filed against Walling in the District of Colorado. In October, 1988, prior to trial, Walling fled the jurisdiction in violation of his bond and travelled to New Mexico where he also committed counterfeiting offenses. He was arrested and charged on those offenses and again fled the jurisdiction, travelling to the southeastern part of the United States. On or about February 24, 1989, Walling committed additional counterfeiting offenses in Mississippi for which he was convicted in federal court on September 12, 1989. Walling served a 6–month sentence on his conviction in Mississippi and was then returned to face the charges which were pending against him in the District of Colorado, including four counts of misdemeanor criminal contempt for violating conditions of his Colorado bond by engaging in criminal activities in New Mexico and Mississippi. He was also charged with two felony convictions relating to counterfeit federal reserve notes which he brought back to Colorado from New Mexico for the Christmas holidays in 1988.

On April 10, 1990, Walling entered into a plea agreement to resolve the charges pending against him in both indictments. He pled guilty to certain counterfeiting offenses, and to one charge of criminal contempt. The remaining charges against him were dismissed with prejudice.

On June 26, 1990, Walling appeared for sentencing in the District of Colorado. The district concurred in the finding of the United States Probation Office that, under U.S.S.G. § 4A1.1, Walling had a criminal history score of 3 and that he should be sentenced under Criminal History Category II. The criminal history score included two points which were added under U.S.S.G. § 4A1.1(b), based upon Walling's 6–month counterfeiting conviction in the Southern District of Mississippi on September 12, 1989. One point was added under U.S.S.G. § 4A1.1(c), based upon Walling's December 28, 1986 sentence for driving while ability impaired. While Walling's appeal initially included a challenge to that one point addition, his counsel conceded at oral argument that the issue is moot if the two point addition is affirmed since Walling's Criminal History Category would be II with or without regard to the driving while ability impaired conviction. Accordingly, we do not address that issue.

█ Walling contended in the district court and reasserts on appeal that his conviction in Mississippi should not be counted as a "prior sentence" for purposes of calculating his criminal history score since the criminal act upon which that conviction was based occurred after the criminal acts for which Walling was sentenced in the instant case. Appellant's Brief at 4.

Under § 4A1.1 of the Guidelines, criminal history points are given for each "prior

sentence of imprisonment." A "prior sentence" is defined by the Guidelines as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The number of points given is dependent on the length of the prior sentence. U.S.S.G. § 4A1.1(a)–(c). The commentary to U.S.S.G. § 4A1.2 explicitly addresses the issue raised by Walling in this case. Application Note 1 provides as follows:

> 1. *Prior Sentences.* "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See* § 4A1.2(a). *A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence* if it was for conduct other than conduct that was part of the instant offense.

U.S.S.G. § 4A1.2, comment. (n. 1) (emphasis added).

■ In *United States v. Smith,* 900 F.2d 1442 (10th Cir.1990), this circuit referred to the commentary just quoted, as well as other portions of the Guidelines, and held that sentences imposed after commission of an offense for which a criminal history score is being calculated constitute "prior sentences" for purposes of that calculation. The holding establishes the chronology of sentencing rather than the commission of the crimes as controlling. *See also United States v. Banashefski,* 928 F.2d 349, 351 (10th Cir.1991). The district court correctly applied that rule here.

■ Walling also contends that his sentence in Mississippi is not a "prior sentence" because his counterfeiting there was part of a continuing scheme or continuing activity which included the offenses in Colorado. Appellant's Brief at 5–6. In support of that argument, he cites to the Guidelines' commentary in defining "related cases" as those which "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consol-idated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n.3). We disagree.

■ The question of "related cases," referred to in § 4A1.2(a)(2), applies to the relationship between prior sentences, not to the relationship between prior sentences and the present offense. *United States v. Banashefski,* 928 F.2d at 353; *United States v. Garcia,* 909 F.2d 389, 392 (9th Cir.1990). The latter is analyzed under § 4A1.2(a)(1) in determining whether the prior sentence is based on "conduct not part of the instant offense." *United States v. Banashefski,* 928 F.2d at 353; *United States v. Garcia,* 909 F.2d at 392. "[T]here is no indication that the commentary [relied on] was intended to define the words 'conduct not a part of the instant offense' used in § 4A1.2(a)(1)." *United States v. Banashefski,* 928 F.2d at 353.[1]

However, we understand the logic of the defendant's argument—that the prior offense was part of the conduct involved in the present case and is therefore not a "prior sentence"—and thus review the district court's finding that the Mississippi conviction was "not part of the instant offense." R.Vol. II at 45–46. The offenses committed in Mississippi and Colorado occurred months apart and were "severable instances of unlawful conduct," *United States v. Banashefski,* 928 F.2d at 352. They involved different individuals and different counterfeiting equipment. Even the counterfeit bills bore different serial numbers. And, finally, the Mississippi case was not consolidated with the Colorado case for trial or for sentencing. The only consolidation occurred when the district court consolidated the outstanding counterfeiting charges with the contempt charges for violations of bond in Colorado. The contempt charge corresponding to the Mississippi crimes was dismissed at the time of sentencing. Thus, we do not find the district court's determination to be clearly erroneous.

■ Walling makes two additional arguments. He asks that we reconsider our decision in *Smith* because *Smith* did not

---

1. The government, as well as Walling, erroneously argued the appropriateness of adding points to Walling's criminal history under the relatedness standard of § 4A1.2(a)(2).

address the constitutional issue of due process and is against the weight of authority with respect to sentence enhancement statutes under state law. We reject those arguments.

■ The Sentencing Guidelines provide ample notice to potential lawbreakers that their criminal history can include any prior sentence. Due process concerns are fully satisfied. With respect to Walling's suggestion that we reconsider our holding in *Smith*, we could not do so even if we were inclined, which we are not. One panel of the court cannot overrule circuit precedent. *United States v. Spedalieri*, 910 F.2d 707, 710 n. 3 (10th Cir.1990); *Huffman v. Caterpillar Tractor Co.*, 908 F.2d 1470, 1481 (10th Cir.1990).

■ Walling's final argument for not using subsequent offenses and resulting sentences as "prior sentences" for criminal history calculations, is a policy argument, apparently based upon constitutional grounds. He contends that adoption of the rule recognized in *Smith* allows the United States Attorney's Office to, in effect, play games with a serial criminal by not consolidating separate crimes for trial and sentencing, and by giving the United States Attorney the ability to determine the chronology of prosecutions. *Id.* at 9. We also reject that argument. The record does not support any abuse by the government in this case. Furthermore, the separate nature of serial crimes is taken into account for sentencing purposes whether the crimes or consolidated or not. *See United States v. Kinney*, 915 F.2d 1471, 1472 n. 1 (10th Cir.1990); *United States v. Gross*, 897 F.2d 414, 416 (9th Cir.1990); U.S.S.G. § 4A1.2, comment. (n.3).

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.