936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene JORDAN, Defendant-Appellant.
 No. 90-2166.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Defendant-appellant Eugene Jordan pled guilty to one count of possession with intent to distribute more than one kilogram of a mixture containing a detectable amount of methamphetamine and aiding and abetting in violation of 21 U.S.C. Secs. 841(a), 841(b)(1)(A) and 18 U.S.C. Sec. 2 (1988). The district court sentenced Jordan to 190 months imprisonment based in part on its conclusion that Jordan had a category II criminal history under the U.S. Sentencing Guidelines because of his prior sentence for possession with intent to distribute methamphetamine and using a firearm to facilitate that offense. On appeal,[1] Jordan challenges the district court's reliance on this prior sentence to calculate his criminal history category. We affirm.[2]
 
 
 2
 Section 4A1.2(a)(1) of the guidelines defines a "prior sentence" for purposes of the criminal history calculation as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1). This standard is met when the prior conviction arises out of "severable instances of unlawful conduct." United States v. Banashefski, 928 F.2d 349, 352 (10th Cir.1991).
 
 
 3
 In this case, the prior sentence considered by the district court was derived from federal agents' seizure of methamphetamine, cash, firearms and drug paraphernalia from Jordan's residence on December 8, 1989. Jordan was indicted in CR 89-496JC for drug trafficking offenses arising out of this search and seizure and ultimately found guilty by a jury of possession of methamphetamine with intent to distribute and a related firearms charge. The district court sentenced Jordan to 120 months imprisonment for this conviction on May 16, 1990.
 
 
 4
 After being indicted in CR 89-496JC, Jordan was separately indicted in CR 90-40JC, the case presently before this court, for offenses involving the manufacture and distribution of methamphetamine at another location, the Fowners' residence, on and before October 15, 1989. This indictment arose out of the October 15, 1989, discovery of a methamphetamine laboratory at this location and the Fowners' identification of Jordan and a partner as the lab operators. Pursuant to a plea agreement, Jordan ultimately pled guilty in this case to one count of possession with intent to distribute a mixture containing a detectable amount of methamphetamine in return for the government dismissing charges relating to Jordan's alleged manufacture of methamphetamine at the lab.
 
 
 5
 In sentencing Jordan for this second methamphetamine distribution offense, the district court considered the sentence imposed in CR 89-496JC to be a prior sentence under section 4A1.2(a)(1) of the sentencing guidelines. Jordan claims, however, that this earlier sentence for his December 1989 drug trafficking was so related to the instant offense that it was part of that offense and hence should not have been considered in determining his criminal history under the guidelines. In particular, Jordan alleges that the methamphetamine that was seized from his residence on December 8, 1989, and formed the basis for his conviction in CR 89-496JC was manufactured at the Fowner lab in October, 1989, the period for which he was charged in the instant case, and thus was a part of the offense for which he was sentenced in this case.
 
 
 6
 Jordan cites no evidence in support of this assertion.[3] In fact, the record shows that Jordan's counsel at his trial in CR 89-496JC specifically disclaimed any connection between the methamphetamine found at Jordan's residence in December 1989 and that produced at the Fowner lab. CR 89-496JC, Tr. 3/5/90 at 65. That trial also produced evidence that Jordan was selling methamphetamine out of his residence before the Fowner lab went into production in early October, 1989, id. at 74, 77-78, 80, 106-07, indicating that the lab was not Jordan's sole source for the drugs he sold out of his home. We cannot agree, moreover, that Jordan's December 8, 1989, distribution offense was "part of" his October 15, 1989, distribution offense merely because both offenses concerned Jordan's possession of methamphetamine.
 
 
 7
 In light of this conclusion, and the temporal and spatial distinction between the conduct underlying the October 1989 and December 1989 offenses, we conclude that Jordan's conduct in each instance was severable and that the district court did not err in using the sentence imposed in connection with the December 1989 drug trafficking charge as a prior sentence within the meaning of section 4A1.2(a)(1). Accordingly, the sentence imposed by the district court in this case is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 We review the district court's application of the sentencing guidelines to the facts under a due deference standard, while reviewing its legal conclusions regarding the guidelines de novo. See United States v. Smith, 900 F.2d 1442, 1445 (10th Cir.1990)
 
 
 [3]
 Jordan claims on appeal that he made a proffer of such evidence at his sentencing hearing. The transcript of this hearing does not reveal any proffer beyond Jordan's bare assertion that the methamphetamine seized from Jordan's residence in December 1989 came from the Fowner lab. See CR 40-90JC, Tr. 7/18/90 at 132