972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carolyn MAJSZAK, Defendant-Appellant.
 No. 91-2179.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1992.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 The defendant, Carolyn Majszak, the branch manager of Heritage Federal Savings ("Heritage") in Houghton Lake, Michigan, embezzled more than $100,000 from various customer accounts at the bank. The defendant took money from numerous accounts and manipulated other, inactive accounts to cover the missing funds. Eventually, a customer discovered problems with her account, called the problem to Heritage's attention, and the FBI began an investigation. From the outset, the defendant cooperated with the investigation.
 
 
 2
 The defendant was also the treasurer of the Houghton Lake Sports Booster Club ("the Booster Cub") which maintained an account at Heritage. When Heritage conducted audits, the defendant wrote checks on the Booster Club account to cover shortages in other accounts. The defendant admitted embezzling approximately $22,000 from the Booster Club account. This activity resulted in a state embezzlement conviction for which the defendant was sentenced to nine months incarceration. Ultimately, pursuant to plea agreement, the defendant pleaded guilty to the federal embezzlement charge against her.
 
 
 3
 The defendant objected to several portions of the presentence report. She disputed the conclusion that her offense level should be based upon the amount of money manipulated in the various accounts, rather than the amount of actual loss to Heritage. The defendant also contended that the probation department incorrectly counted the state embezzlement conviction as part of her criminal history score. The district court rejected both of the defendant's arguments which now serve as the basis for this appeal.
 
 
 4
 The defendant and the government agree that the district court erred by determining the amount of money embezzled for purposes of U.S.S.G. § 2B1.1 based upon the amount of money manipulated rather than the amount of money lost. The court should have based the enhancement of sentence on "the value of the property taken, damaged or destroyed." Id. at comment. 2. We have interpreted this comment to mean the amount of the victims' "net out of pocket loss," including all incidental and consequential damages, as well as accrued interest. United States v. Sloman, 909 F.2d 176, 182 (6th Cir.1990); see also United States v. Jones, 933 F.2d 353, 354-55 (6th Cir.1991); United States v. King, 915 F.2d 269, 272 (6th Cir.1990). The government concedes that the approximately $276,420.80 manipulated from one account to another, but not "lost," should not have been counted for purposes of enhancement of the defendant's base offense level. We REVERSE and REMAND for resentencing.
 
 
 5
 The defendant next argues that the district court erred by including the state embezzlement conviction in her criminal history score.[1] She claims that "the state court conviction was for conduct which was a part of the instant offense."
 
 
 6
 The probation officer concluded, however, that:
 
 
 7
 According to Neil Gudsen, an attorney who is Vice-President of Heritage Federal Savings Bank, and FBI agents Ron Smith and Mark Hamrock, the Roscommon County embezzlement charge is distinct and separate from the federal embezzlement charge. Therefore, this conviction is seen as unrelated to the present offense and should be counted separately. See 4A1.2(a)(1) and (2).
 
 
 8
 The district court accepted this conclusion, stating "[t]he defendant's earlier sentence occurred relative to her position as an officer of the Booster Club, not related to her bank position."
 
 
 9
 U.S.S.G. § 4A1.1 requires the district court to add points to the defendant's Criminal History score for certain "prior sentence[s]." A " 'prior sentence' means any sentence previously imposed upon adjudication of guilt, ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (emphasis added).
 
 
 10
 The probation officer and the district court by implication, in part, relied on U.S.S.G. § 4A1.2(a)(2), which addresses "related cases."
 
 
 11
 "The question of 'related cases,' referred to in § 4A1.2(a)(2), applies to the relationship between prior sentences, not to the relationship between prior sentences and the present sentence." United States v. Walling, 936 F.2d 469, 471 (10th Cir.1991) (citations omitted).... This section does not apply where, as here, there is only one prior sentence. See United States v. Miller, 903 F.2d 341, 343 (5th Cir.1990).
 
 
 12
 United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.1992). Thus, only § 4A1.2(a)(1) is relevant in this circumstance.
 
 
 13
 In Beddow, decided after the sentencing in question, we examined § 4A1.2(a)(1) and concluded:
 
 
 14
 [T]he appropriate inquiry is whether the "prior sentence" and the present offense involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offenses. Factors such as the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent also must be considered.
 
 
 15
 Beddow, 957 F.2d at 1338 (citation omitted).
 
 
 16
 We cannot, from the record, discern whether the district court properly considered the Beddow factors or improperly relied on § 4A1.2(a)(2) in reaching its decision to accept the probation department's recommendation that the state court conviction was "for conduct not part of" the federal offense. The district court did not have the benefit of Beddow. We, accordingly, REMAND this issue for consideration in light of Beddow.
 
 
 17
 The government has conceded that the district court "incorrectly ruled that the amount of loss caused by defendant Majszak's conduct exceeded $350,000," and that the correct figure should be the "amount of loss caused by the embezzlement." We, therefore, REMAND for a correct calculation of the amount of loss involved to Heritage.[2]
 
 
 18
 We REMAND for resentencing, then, for the reasons indicated.
 
 
 19
 SUHRHEINRICH, Circuit Judge, concurring in part and dissenting in part.
 
 
 20
 I concur in the court's opinion remanding Majszak's sentence for recomputation of amount of loss under U.S.S.G. § 2B1.1(b)(1). However, I dissent from the court's decision to remand for recalculation of Majszak's criminal history under U.S.S.G. § 4A1.2(a)(1).
 
 
 21
 In support of its criminal history determination, the District Court held that Majszak's state court offense involved a different victim than her federal offense. We review this finding for clear error. United States v. Beddow, 957 F.2d 1330, 1338 (6th Cir.1992). The record plainly establishes that Majszak was convicted in state court for embezzling from the Houghton Lake Boosters Club. Her federal conviction, on the other hand, was based on the embezzlement of funds from the Heritage Federal Savings Bank. Thus, the District Court's finding of separate victims was not clearly erroneous.
 
 
 22
 The fact that the state and federal offenses involved separate victims, standing alone, justifies treating the offenses as separate for the purposes of U.S.S.G. § 4A1.2(a)(1). United States v. Yeo, 936 F.2d 628, 629 (1st Cir.1991). Furthermore, the only similarity between the two crimes here is that both involved embezzlement in roughly the same manner. Mere similarity of criminal conduct, however, does not make separate offenses related for purposes of sentencing. See United States v. Walling, 936 F.2d 469, 471 (10th Cir.1991). Therefore, I would affirm the District Court's computation of Majszak's criminal history.
 
 
 23
 Contrary to the majority's apparent holding, Beddow does not require the District Court to consider each potentially relevant factor expressly and on the record. The core of Beddow is that section 4A1.2(a)(1) involves a necessarily fact-specific and complicated determination. 957 F.2d at 1338. Particular factors may be relevant in some cases and irrelevant in others. Consequently, I believe it is futile to impose a superficially precise formula by which to make this determination. Where, as here, the District Court's finding is amply supported by the facts, it serves no purpose to remand the case simply to have the district judge to parrot the factors noted in Beddow.
 
 
 24
 I, therefore, respectfully dissent from that portion of the court's opinion dealing with criminal history.
 
 
 
 [1]
 The defendant's position set out that:
 Defendant believes that the US Attorney and the Probation Department has [sic] counted the funds which were misappropriated from the Booster Club with the amounts embezzled from Heritage Federal because the Booster Club money was deposited in an account at Heritage Federal. Given this money is to be counted in computing the underlying offense severity level, an increase per 4A1.2(a)(1) & (2) is inappropriate.
 (emphasis in original).
 
 
 [2]
 We express no view as to whether this amount should include the Booster Club account loss