991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Delany GILCHRIST, Defendant-Appellant.
 No. 92-5817.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-92-48-5)
 John A. Dusenbury, Jr., Assistant Federal Public Defender, for Appellant.
 Margaret Person Currin, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Bernard Delany Gilchrist entered a guilty plea to three counts of bank robbery (18 U.S.C.A. § 2113(a) (West Supp. 1992)). He appeals his sentence, contending that the district court's application of guideline section 4A1.2[1] in his case violated due process. We affirm.
 
 
 2
 Gilchrist robbed four banks in March and April 1992 while serving two prior state probationary sentences. He was arrested on federal bank robbery charges in April. In May 1992, the state revoked probation on both prior sentences and activated the suspended portions of those sentences, which were three years in one case and eighteen months in the other. After Gilchrist entered his guilty plea to the bank robberies, the probation officer recommended that three criminal history points be assigned for each of the prior sentences under section 4A1.2(a)(1). Gilchrist objected that the sentences imposed upon revocation of probation were not "prior sentences" within the meaning of the guideline. It appears that the district court followed the probation officer's recommendation and awarded criminal history points for Gilchrist's state sentences.[2]
 
 
 3
 On appeal, Gilchrist contends that section 4A1.2(a)(1) violates due process to the extent that it treats as a "prior sentence" any sentence imposed between the defendant's commission of the current offense and his sentencing for the current offense. We find no merit in his claim. See United States v. Walling, 936 F.2d 469, 472 (10th Cir. 1991) (sentencing guidelines provide notice that any prior sentence may be included in criminal history).
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)
 
 
 [2]
 A transcript of the sentencing hearing is not included in the materials presented on appeal