53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell I. LEWIS, Defendant-Appellant.
 No. 92-4202.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1995.
 
 1
 Before SEYMOUR and MOORE, Circuit Judges, and SAFFELS,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 Darrell Lewis appeals his conviction on charges of aiding and abetting in the possession of a Schedule II controlled substance (cocaine base) with intent to distribute, 18 U.S.C. Sec. 2; 21 U.S.C. Sec. 841(a)(1), and carrying and use of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. Secs. 2, 924(c).
 
 
 5
 Mr. Lewis raises five issues in this appeal. First, he claims his rights under the Speedy Trial Act were violated; second, that the evidence adduced at trial was insufficient to sustain a jury verdict against him; third, that the trial court abused its discretion in denying an evidentiary hearing on his motion for a new trial; fourth, that the trial court abused its discretion by granting the government's motion to quash his subpoena requesting records related to statistics on the numbers and races of people stopped and searched by Deputy Leon Barney; and fifth, that Deputy Barney's stop of the vehicle was not for a traffic infraction, but rather was a pretext to search for drugs.
 
 
 6
 Mr. Lewis's co-defendant, Roderick Dirden, was convicted of identical charges and appealed. A panel of this court rendered its decision affirming his conviction on October 27, 1994. We need not recite the background and facts of the case because they may be found in United States v. Dirden, 38 F.3d 1131 (10th Cir.1994). We will, however, raise any factual issues that are germane to our discussion and the disposition of this matter.
 
 I. COURT BOUND BY STARE DECISIS
 
 7
 Mr. Lewis raises two issues which were also raised by Mr. Dirden and which have been decided by this court. These are: violation of the right to a speedy trial and whether the stop by Deputy Barney was pretextual. The panel in Dirden ruled against Mr. Dirden in both instances.
 
 
 8
 It is well settled law that one panel of this court may not overrule the precedent of this circuit. We have held that a panel owes strict obedience to a previous panel decision. United States v. Walling, 936 F.2d 469, 472 (10th Cir.1991).
 
 
 9
 In United States v. Gillis, 942 F.2d 707, 711 (10th Cir.1991), this court stated: "A panel of this court has previously held that exactly the same evidence used against co-conspirator Brad Parkinson was sufficient to support a conviction for use of a firearm during this methamphetamine conspiracy (citation omitted). That decision is stare decisis on the issue of sufficiency of the evidence to support this conviction." Gillis clearly articulates the precedential principle that is present in the instant case.
 
 
 10
 The Dirden panel held that the Speedy Trial Act was not violated "because we find that the trial was held within seventy nonexcludable days." 38 F.3d at 1136. In addition, the court held that "after analyzing the pretrial delay in this case in light of the Barker factors, we find no violation of Dirden's Sixth Amendment right to a speedy trial."
 
 
 11
 Like Dirden, Mr. Lewis claims that the number of days exceeded the 70 days allowed under 18 U.S.C. Sec. 3161(c)(1) because the magistrate judge held a motion to suppress longer than the 30 days allowed under 18 U.S.C. Sec. 3161(h)(1)(J). The court did not reach that issue, finding instead that the 70 days allowed under the Act had not been exceeded. This panel is not only bound by that prior determination, but also concurs in the finding.
 
 
 12
 Mr. Lewis's second claim which was disposed of by our decision in Dirden, is the issue of whether the initial stop of the vehicle was legitimate or was pretextual. Deputy Barney testified that he observed two moving violations, an improper lane change and following too closely, before he stopped the car.
 
 
 13
 We held that "a reasonable officer patrolling the interstate highway would have stopped the vehicle being driven by Mr. Dirden." Dirden, 38 F.3d at 1140. This panel is likewise bound by the prior decision.
 
 II. INDEPENDENT CLAIMS
 
 14
 Mr. Lewis next claims there was insufficient evidence upon which a reasonable jury could have found him guilty beyond a reasonable doubt.
 
 
 15
 In considering a challenge to the sufficiency of the evidence, we review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Davis, 1 F.3d 1014, 1017 (10th Cir.1993). We consider both direct and circumstantial evidence, as well as all reasonable inferences drawn from that evidence. Id. In addition, we accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses. United States v. Youngpeter, 986 F.2d 349, 352 (10th Cir.1993).
 
 
 16
 Mr. Lewis claims there was no evidence to connect him to the criminal venture to possess, with intent to distribute, the cocaine base. Mr. Lewis was charged with aiding and abetting. The government's burden of proof was to show that Mr. Lewis wilfully associated himself with a criminal venture--possession of crack cocaine with intent to distribute and the carrying and using of a firearm during a drug trafficking crime--and that he sought to make the venture succeed through some action on his part. See United States v. Esparsen, 930 F.2d 1461, 1470 (10th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 882 (1992).
 
 
 17
 The jury heard overwhelming testimony and saw evidence relating to the narcotics that were found in the vehicle, the videotape of the stop, the seized narcotics, the scales, and the communication devices. There was expert testimony concerning the amount of the drug which was deemed greater than one would possess for personal use, and supporting testimony from the arresting officer and a state criminalist.
 
 
 18
 Based upon this evidence, a reasonable jury could have found Mr. Lewis guilty beyond a reasonable doubt of aiding and abetting in the possession of the cocaine base with the intent to distribute.
 
 
 19
 Mr. Lewis next claims that the trial court abused its discretion when it denied his motion for a new trial and failed to conduct an evidentiary hearing to consider the new evidence.
 
 
 20
 It is within the sound discretion the trial court whether to grant a motion for a new trial or to conduct an evidentiary hearing on the motion. United States v. Sutton, 767 F.2d 726, 729 (10th Cir.1985).
 
 
 21
 The crux of Mr. Lewis's claim is that the juvenile who was riding in the back of the automobile at the time of the stop had made statements subsequent to the trial which were exculpatory for Mr. Lewis. The record shows there were contradictory affidavits concerning the juvenile's later statements and that the trial court considered those affidavits prior to ruling on the motion for a new trial.
 
 
 22
 The evidence which Mr. Lewis claims is newly discovered does not meet the criteria necessary for granting the motion. In order to meet the standard for the granting of a new trial, (1) the evidence must be discovered after trial, (2) the failure to learn of the evidence at the time of trial must not be the result of lack of diligence on the part of the defendant, (3) the evidence must be material to the issues involved, (4) the evidence must not be cumulative or merely impeaching, and (5) the evidence must be such that a new trial would probably yield a different result. United States v. Sutton, supra, 767 F.2d at 726.
 
 
 23
 The juvenile was present and available at trial and was not called to testify by either the defense or the government. Counsel for all parties had the opportunity to inquire about the testimony. The fact that there was no inquiry or that a decision was made not to put the juvenile on the stand cannot now be turned into newly discovered evidence requiring a new trial.
 
 
 24
 The trial court properly exercised its discretion when it denied Mr. Lewis's motion for a new trial and when it determined an evidentiary hearing on the motion was not warranted.
 
 
 25
 Mr. Lewis's final claim is that the trial court abused its discretion when it granted the government's motion to quash his motion to subpoena certain documents prior to trial. Specifically, Mr. Lewis sought documents related to the stops and searches made by Deputy Barney over the previous two years.
 
 
 26
 The denial of a motion for pretrial production of documents is reviewed for abuse of discretion. United States v. Gonzales-Acosta, 989 F.2d 384, 389 (10th Cir.1993).
 
 
 27
 The request for the production of documents must be more than a fishing expedition. United States v. Winner, 641 F.2d 825 (10th Cir.1981). A party must show that (1) the documents are relevant and material; (2) that even with due diligence the documents are not otherwise procurable; (3) that the party seeking the documentation cannot properly prepare without advance inspection; and (4) that the application is made in good faith and is not merely a broad net cast in a fishing expedition. Gonzales-Acosta, 989 F.2d at 389.
 
 
 28
 Here the trial court found the request for documents was unreasonable and oppressive. The trial court is in the unique position to determine credibility and probative value in evidentiary matters. Absent an abuse of discretion, this court will not find the trial court erred.
 
 
 29
 Having determined that Mr. Lewis's claims are without merit, the conviction and the sentence imposed by the trial court are AFFIRMED.
 
 
 
 *
 The Honorable Dale E. Saffels, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470