**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Emiliano LOPEZ–PADRON,**
**Defendant–Appellant.**

**No. 01–6144.**

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

This is a direct appeal from a judgment in a criminal prosecution in which counsel for the defendant assigns as error the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, formerly deported alien Emiliano Lopez–Padron was named in a two-count indictment in connection with his illegal re-entry into the United States. Lopez–Padron subsequently agreed to plead guilty to one count of the indictment and the court found Lopez–Padron guilty of that offense, namely, re-entry of a previously deported alien felon into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Lopez–Padron to a forty-eight month term of imprisonment to be followed by a two year period of supervised release; Lopez–Padron then filed the present appeal.

The issue presented for review is whether the district court erred in concluding that a prior Tennessee state court sentence, imposed for criminal conduct discovered during the arrest that culminated in the federal charges against Lopez–Padron, should factor into the calculation of his criminal history category pursuant to USSG § 4A1.2(a)(1). "This is necessarily a fact-specific inquiry." *United States v. Beddow,* 957 F.2d 1330, 1338 (6th Cir.1992) (citing with approval *United States v. Banashefski,* 928 F.2d 349, 352 n. 4 (10th

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Cir.1991)). Findings of fact made by the district court are reviewed for clear error. *United States v. McAdams,* 25 F.3d 370, 374 (6th Cir.1994). A finding of fact is clearly erroneous when, although there may be some evidence to support the finding, the "reviewing court is left with the definite and firm conviction that a mistake has been committed." *Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 341 (6th Cir.1997). An examination of the record and law under this standard supports the district court's sentencing decision on appeal as it does not appear with any certainty that "a mistake has been committed."

Mexican national Lopez–Padron was deported from the United States in 1994 after his felony conviction for heroin distribution. On September 23, 2000, a Tennessee police officer effected a traffic stop on an automobile being driven by Lopez–Padron. Lopez–Padron gave the officer an alien identification card with an alias. Tennessee officers found, on further investigation, that Lopez–Padron was in possession of several other falsified identification cards and they eventually notified the United States Immigration and Naturalization Service. Lopez–Padron was subsequently found guilty by a Tennessee state court of forgery, identity theft and speeding, based on the September 23, 2000, traffic stop, and he received a two year suspended sentence on February 12, 2001.

Lopez–Padron entered his federal guilty plea on May 29, 2001, and sentencing was delayed pending completion of a pre-sentence report. The probation officer assigned to the preparation of the report recommended that Lopez–Padron should be placed in criminal history category of III based on the 1994 federal heroin sentence (three points) and the February 12, 2001, Tennessee forgery/identity theft sentence (one point). This criminal history category, coupled with an offense level of twenty-one, resulted in a guideline range

of forty-six to fifty-seven months. There is no dispute but that, absent the Tennessee sentence, Lopez–Padron's criminal history category would be II with a reduced guideline range of forty-one to fifty-one months.

Counsel for Lopez–Padron objected to the inclusion of the Tennessee sentence in the criminal history score on the grounds that the underlying forgery/identity theft conduct was so intertwined with the present federal offense as not to be a "prior sentence" within the meaning of USSG § 4A1.2(a)(1). The district court entertained arguments from counsel at sentencing and rejected counsel's objection.

That's an unusual question because the offense in this case was your presence in the United States. That's the violation. We don't have a specific incident like a bank robbery or sale of drugs. Your being here is the crime. So the question for me is was this traffic violation and this impersonation—was that a part of this offense, which is your being in the United States. And I suppose it is in some remote way. Everything you do which you're here is a part of your instant offense. I mean, your waking up in the morning and brushing your teeth is a part of your presence in this country, but I don't think that's what the guidelines had in mind.

I think that this, clearly, was not a part of the instant offense because it had nothing to do with your presence in this country. You could have been in this country without committing those violations. So it seems to me they're unrelated.

The district court proceeded to sentence Lopez–Padron to the sentence of record at the lowest end of the guideline range. On appeal, counsel for Lopez–Padron assigns as error the district court's decision to include the Tennessee sentence in the criminal history calculation.

The computation of a defendant's criminal history category is covered in Chapter Four of the guidelines. USSG § 4A1.1 requires the assignment of a certain number of points for each "prior sentence" incurred by the defendant. "Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." USSG § 4A1.2(a)(1). The Sixth Circuit has set forth the following analysis to be used when determining whether a prior sentence was "for conduct not part of the instant offense" within the meaning of USSG § 4A1.1.

> [T]he appropriate inquiry is whether the "prior sentence" and the present offense involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offenses. Factors such as the temporal and geographical proximity of the two offenses, common victims, and a common criminal plan or intent also must be considered.

*Beddow,* 957 F.2d at 1338 (citation omitted). The contemporaneous discovery of the offense underlying the "prior sentence" and the federal offense is not necessarily determinative of the question because "[a]dopting such a broad interpretation of offense conduct would render almost every crime committed contemporaneously with some other offense part of that offense." *Id.* at 1339.

An application of *Beddow* to the instant appeal supports the district court's factual finding. It is manifest that, as the district court observed, the facts of this case do not show that the illegal re-entry of Lopez–Padron into the United States was dependent on the forgery/identity theft conduct for which he was prosecuted in Tennessee, and neither crime contains as an element the commission of the other. In addition, the prosecution of each offense did not necessarily (or actually) involve proof of the other. Finally, the fact that the possession of the false identification may have been intended to facilitate Lopez–Padron's remaining in this country illegally is not determinative. *See Beddow,* 957 F.2d at 1339 ("prior sentence" resulting from concealed weapon arguably carried to facilitate federal money laundering was not part of money laundering conduct for purposes of USSG 4A1.2(a)(1)). Thus, the district court's conclusion that the Tennessee sentence "was not a part of the instant offense because it had nothing to do with your presence in this country," is not clearly erroneous. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.