**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIO EDGAR CHAVEZ,

Defendant - Appellant.

No. 09-8019
(D. Ct. No. 2:07-CR-00204-ABJ-3)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **GORSUCH**, Circuit Judges, and **STAMP**, District Judge[**].

---

Defendant-appellant Elio Edgar Chavez pleaded guilty to one count of conspiracy to distribute, and possession with intent to distribute, methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). The district court sentenced him to 120 months' imprisonment. He now contests his sentence. Our jurisdiction arises under 28 U.S.C. § 1291, and we AFFIRM.

**I. BACKGROUND**

Mr. Chavez was part of a drug conspiracy which took place between February

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

2005 and September 2006. The goal of the conspiracy was to move drugs from Denver, Colorado, to Casper, Wyoming. During the summer of 2005, Mr. Chavez arranged for a co-conspirator to purchase methamphetamine and then traveled with him to Casper where they successfully sold the drugs. While in Casper, Mr. Chavez also attempted to sell two pounds of marijuana. Thereafter, Mr. Chavez arranged for two more purchases of four to eight ounces of methamphetamine which were to be distributed in Casper. Throughout his involvement in the conspiracy, Mr. Chavez's primary role was to assist in the transportation of money and drugs and to store them when needed.

Mr. Chavez left the conspiracy around July 2005 and moved to New Mexico. After moving to New Mexico, he committed two criminal offenses. He was charged with possession of marijuana on May 12, 2006, and on May 24, 2006, was charged with aggravated assault with a deadly weapon. He pleaded guilty to both charges and was assessed a fine on the possession conviction and sentenced to eighteen months' supervised probation on the assault conviction.

On January 17, 2008, Mr. Chavez and his co-conspirators were indicted by a Wyoming grand jury. He was arrested in New Mexico on January 23, 2008 and transferred to the District of Wyoming where he entered a plea of not guilty. Mr. Chavez eventually reached a plea agreement with the United States in which he agreed to plead guilty and provide assistance to the government. For its part, the government agreed to recommend a three-level reduction for acceptance of responsibility. Additionally, the parties stipulated that Mr. Chavez's relevant conduct involved a drug quantity of between

1.5 and 5 kilograms of methamphetamine.  On November 12, 2008, Mr. Chavez pleaded guilty pursuant to the plea agreement.

Following Mr. Chavez's guilty plea, a pre-sentence report ("PSR") was prepared. Based on the stipulated relevant conduct, the PSR listed Mr. Chavez's base offense level at 34 pursuant to United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2D1.1(c)(3) (2008).  The PSR applied the three-level reduction agreed to by the parties for a total offense level of 31.  Additionally, the PSR assigned Mr. Chavez six criminal history points based on his prior juvenile and adult convictions.  Pursuant to U.S.S.G. § 4A1.2(d)(2)(A), Mr. Chavez received four points based on his juvenile convictions (for felony menacing and felony theft by receiving) which occurred within five years of the instant federal offense.  He also received two points for his convictions in New Mexico for possession of marijuana and aggravated assault with a deadly weapon under § 4A1.1(c).  The six criminal history points placed Mr. Chavez in criminal history category III.  Based on his criminal history score (category III) and his total offense level (31), Mr. Chavez's advisory guideline range was 135–168 months.  Additionally, the statute under which Mr. Chavez was charged and pleaded guilty provided for a mandatory minimum sentence of 120 months' imprisonment.

Mr. Chavez objected to the criminal history calculations contained in the PSR.  He argued that neither his juvenile convictions nor his convictions from New Mexico should count toward his criminal history score.  He also argued that because he should have no criminal history points, he qualified for the "safety valve" provision under § 5C1.2.

Finally, Mr. Chavez argued that he should receive a reduction for a minor role pursuant § 3B1.2. His objections and arguments were addressed and rejected in an addendum to the PSR.

After considering the pleadings, the PSR and its addendum, and the parties' arguments, the district court adopted the PSR's criminal history calculation which foreclosed application of the safety valve provision. Nevertheless, the district court granted Mr. Chavez a variance from the advisory guideline sentence (135–168 months), sentencing him to the minimum sentence mandated by statute of 120 months.

## II. DISCUSSION

On appeal, Mr. Chavez raises the same arguments addressed in the addendum to the PSR. Specifically, he contends that his New Mexico convictions are not "prior convictions," and thus were improperly counted, because the sentences were imposed subsequent to the conduct at issue in this case. He further argues that his prior juvenile convictions were improperly counted by the district court because he was released from confinement more than five years prior to his involvement in the instant offense. Mr. Chavez also maintains that he was entitled to an offense level reduction under § 3B1.2 because he was a minimal or minor participant in the conspiracy. Finally, he argues that the district court should have granted him an adjustment under § 5C1.2, the "safety valve" provision.

"When reviewing the district court's application of the sentencing guidelines, this Court reviews the district court's findings of fact for clear error and legal conclusions de

novo." *United States v. Beltran*, 571 F.3d 1013, 1020 (10th Cir. 2009). Additionally, "[w]e review the district court's determination of a particular defendant's eligibility for relief under § 3553(f) for clear error." *United States v. Saffo*, 227 F.3d 1260, 1272 (10th Cir. 2000) (quotations omitted).

By statute, a defendant who commits a violation of § 841(a) involving at least fifty grams of methamphetamine is subject to a mandatory minimum sentence of 120 months' imprisonment. 21 U.S.C. § 841(b)(1)(A). This statutory minimum applies regardless of the applicable advisory guidelines range. The only exception to the mandatory minimum is when a court finds that a defendant meets the five elements of § 3553(f), the so-called "safety valve" provision. 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2. "The burden of proving all five requirements by a preponderance of the evidence lies with the defendant." *United States v. Gonzalez-Montoya*, 161 F.3d 643, 652 (10th Cir. 1998). If the defendant meets his burden, the court "shall impose a sentence pursuant to the [sentencing] guidelines . . . without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f). It is impossible for a defendant to satisfy all of the elements, however, if he has "more than 1 criminal point as determined under the sentencing guidelines." *Id.* § 3553(f)(1).

Under the guidelines, a defendant's criminal history points are determined under U.S.S.G. § 4A1.1. Under § 4A1.1(a)–(c), a defendant receives points for each "prior sentence." The guidelines define "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G.

§ 4A1.2(a)(1).

In order to successfully challenge the district court's imposition of the statutorily required sentence, Mr. Chavez must show that he satisfies the elements of § 3553(f). Mr. Chavez thus argues that the New Mexico convictions should not count toward his criminal history score because the United States did not arrest him on the instant offense until nearly two and a half years after the conduct occurred. Essentially, Mr. Chavez contends that had the government acted more quickly he would not yet have been convicted in either of the New Mexico cases and thus it is unfair to consider them now. Circuit precedent forecloses Mr. Chavez's argument.

Application Note 1 to § 4A1.2 provides that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." In *United States v. Walling*, 936 F.2d 469 (10th Cir. 1991), we considered the application note and prior case law and concluded that "the chronology of sentencing rather than the commission of the crimes [is] controlling." 936 F.2d at 471 (citing *United States v. Smith*, 900 F.2d 1442 (10th Cir. 1990); *United States v. Banashefski*, 928 F.2d 349, 351 (10th Cir. 1991)). Thus, the New Mexico convictions are "prior convictions" if: (1) Mr. Chavez was sentenced in those cases before he was sentenced in the case at hand; and (2) those sentences were for conduct other than the conspiracy conduct.

In his brief, Mr. Chavez properly concedes that he was sentenced in both of the

New Mexico cases before he was sentenced in this case, and there is no dispute that those convictions are unrelated to the conspiracy conviction. Therefore, both New Mexico convictions are "prior convictions" for purposes of the sentencing guidelines, and each results in the addition of one point to Mr. Chavez's criminal history. *See* U.S.S.G. § 4A1.1(c). As a result, Mr. Chavez has two points from the New Mexico convictions alone, and cannot satisfy the first element of the safety valve provision. *See* 18 U.S.C. § 3553(f)(1). Because the safety valve provision does not apply in this case, the district court was required by statute to impose a sentence of at least 120 months' imprisonment. Thus, the district court did not err in imposing such a sentence. Mr. Chavez's additional arguments are superfluous because they cannot affect the legitimacy of the mandatory minimum sentence imposed by the district court in this case. We therefore hold that the district court properly sentenced Mr. Chavez.

## III. CONCLUSION

The district court did not err in sentencing Mr. Chavez to 120 months' imprisonment because the sentence was the minimum sentence allowable by statute. We therefore AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge