14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Anthony BOATWRIGHT, Defendant-Appellant.
 No. 93-5175.
 United States Court of Appeals, Fourth Circuit.
 Sept. 29, 1993.
Jan. 5, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-92-84, CR-92-333)
 James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Gary P. Jordan, United States Attorney, Beth P. Gesner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Anthony Boatwright appeals the sentence imposed by the district court after his guilty plea to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1993), use of a firearm in a crime of violence, 18 U.S.C.A. Sec. 924(c) (West Supp.1993), and assault on a deputy federal marshal, 18 U.S.C.A. Sec. 111(a) (West Supp.1993). He maintains that the court erred in giving him three criminal history points under guideline section 4A1.2(a)[1] for a state assault conviction which he argues was part of the instant offense. We affirm.
 
 
 2
 Charles Boatwright robbed the Household Bank in Baltimore, Maryland, on November 21, 1991, again on December 3, 1991, and attempted to rob it a third time on December 13, 1991. On that date, the bank security guard on duty grabbed him and Boatwright fled without getting any money. On each occasion, Boatwright displayed a shiny silver revolver.
 
 
 3
 On February 6, 1992, Boatwright entered the bank and got change from a teller. After he left, the bank security guard, an off-duty Baltimore police officer, was informed by a teller that Boatwright was the robber. She followed him outside and across the street to some pay phones. While Boatwright made a call, the guard called for assistance on another phone. She then approached Boatwright, identified herself as a police officer, and ordered him to freeze. Boatwright ran and the guard pursued him. During the pursuit, Boatwright turned and pointed a shiny silver gun at the guard, but did not shoot. He was captured soon afterward. He was charged in state court with assault of the bank security guard, convicted, and sentenced before his guilty plea to the federal bank robbery charge.[2]
 
 
 4
 Guideline section 4A1.1(a) provides that three criminal history points are assigned for each prior sentence of imprisonment of more than a year. Section 4A1.2(a) provides that a "prior sentence" means any sentence previously imposed for conduct not part of the instant offense. Boatwright objected to the recommendation in the presentence report that three criminal history points be awarded for the state assault conviction. He claimed it was not a "prior sentence" as defined in guideline section 4A1.2(a) because it was conduct that was part of the instant offense. The district court looked to the commentary to section 4A1.2 for guidance, and decided that the assault was not part of the instant offense because there was no evidence that it was part of a common scheme or plan. U.S.S.G. Sec. 4A1.2, comment. (n.3). The district court's determination that the assault on the bank security guard was conduct not part of the instant offense is a factual finding which we review under the clearly erroneous standard. United States v. Beddow, 957 F.2d 1330, 1338 (6th Cir.1992).
 
 
 5
 Boatwright argues that there is evidence of a common scheme or plan in that the assault on the guard began as an attempted bank robbery, it was temporally close to the December 13 robbery attempt, and the same victims were involved, i.e., the bank employees. However, there is nothing in the record which shows that Boatwright attempted to rob the bank or intended to rob the bank on February 2. The December 13 robbery attempt occurred six weeks earlier, making it temporally distant rather than close. By contrast, the two previous robberies and the attempted robbery occurred in a space of a little over three weeks. The only victim of the assault was the bank guard, who had not been present during the robberies or the attempt.
 
 
 6
 While the government did not object to the "common scheme or plan" inquiry in the district court, it points out on appeal that other circuits have rejected the "common scheme or plan" analysis used in Application Note 3 to section 4A1.2 because it applies to the relationship between prior sentences rather than the relationship between the instant offense and a prior sentence. These decisions hold that a prior sentence is for "conduct not part of the instant offense" if it is a severable, distinct offense. See e.g., United States v. Thomas, 973 F.2d 1152, 1158 (5th Cir.1992). Factors considered are temporal and geographical proximity of the two offenses, common victims, and common criminal plan or intent. Beddow, 957 F.2d at 1338. Under either analysis, the result here would be the same. The district court's finding is not clearly erroneous.
 
 
 7
 On appeal, Boatwright also cites a proposed amendment to section 4A1.2(a) which will define conduct that is part of the instant offense as relevant conduct under section 1B1.3. Post sentencing amendments which merely clarify guideline language may be considered without creating any ex post facto violation. United States v. Peters, 978 F.2d 166, 169-70 (5th Cir.1992); United States v. Scarano, 975 F.2d 580, 587 (9th Cir.1992). Even taking the amendment into account, no plain error appears in the district court's decision. Boatwright argues that, to determine whether the assault was relevant conduct, the court should look to whether it was part of a common scheme or plan under section 1B1.3(a)(2). However, that section describes relevant conduct for offenses which are groupable under guideline section 3D1.2(d); bank robbery is specifically excluded. In any case, no common scheme was shown.
 
 
 8
 The assault would be relevant conduct under section 1B1.3(a)(1) if it occurred in the course of attempting to avoid detection or responsibility for the offense of conviction. While he was obviously trying to elude the guard, there is no evidence that he was attempting to avoid detection for the bank robbery. Returning to the bank was hardly the way to avoid detection. To say that Boatwright's conduct was an attempt to avoid detection for the bank robberies could only be speculation.
 
 
 9
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 Boatwright's assault on a deputy federal marshall occurred after he was in federal custody and was charged in a separate information