48 F.3d 1217
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John FERGUSON, a/k/a John Dozier, Defendant-Appellant.
 No. 94-5326.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1994.
Decided March 15, 1995.
 
 1
 ARGUED: David H. Wilmoth, Jory & Smith, Elkins, WV, for Appellant. Sharon Lynn Potter, Assistant United States Attorney, Wheeling, West Virginia, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Lisa Grimes Johnston, Assistant United States Attorney, Wheeling, WV, for Appellee.
 
 
 2
 Before LUTTIG, Circuit Judge, MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation, and CURRIE, United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 CURRIE, District Judge:
 
 3
 A federal grand jury returned a one-count indictment against Appellant John Ferguson charging him with possession of a firearm by a convicted felon pursuant to 18 U.S.C. Sec. 922(g)(1) and 18 U.S.C. Sec. 924(a)(2). Ferguson filed a motion to dismiss the indictment because of pre-indictment delay. At a plea hearing, Ferguson renewed his motion to dismiss the indictment. The district court denied the motion. Ferguson then entered his plea of guilty. The district court sentenced Ferguson to 75 months. Ferguson appeals his conviction and sentence, alleging that the district court erred in denying his motion to dismiss the indictment, and challenging various aspects of his sentence. We affirm.
 
 I.
 
 4
 On January 30, 1992, Deputy Sheriff Shackelford and Lieutenant Keller of the Berkeley County, West Virginia, Sheriff's Department travelled with an informant to Berkeley Garden Apartments in Martinsburg, West Virginia, to conduct a "controlled buy" of drugs from a friend of Ferguson, Kelly Watson. After the officers and informant arrived, a grey Oldsmobile pulled beside them. Ferguson was the driver of the Oldsmobile.
 
 
 5
 While Deputy Shackelford was sitting in the driver's seat of the informant's car, the informant and Watson got into the back seat. Watson was behind Deputy Shackelford. Watson handed Deputy Shackelford a white substance in a small piece of plastic. When Deputy Shackelford asked Watson if it was a $40 piece, she told him it was a $50 piece. Deputy Shackelford then counted out $50 in small bills to Watson. Watson recounted the money and told Deputy Shackelford that she had obtained the cocaine from "John."
 
 
 6
 Watson told Deputy Shackelford that John had told her that if Deputy Shackelford wanted any marijuana to get it fast because it would not last long. She also advised Deputy Shackelford that John would rather deal in larger amounts and could obtain an ounce of cocaine for $1,000.
 
 
 7
 Deputy Shackelford then returned to the Sheriff's Department to weigh and test the substance obtained from Watson. It weighed approximately .6 grams and tested positive for cocaine. Based on this evidence, search warrants were obtained for the residences of Ferguson and Watson.
 
 
 8
 During the search of Ferguson's apartment on January 31, 1992, a 1 Excam .25 caliber semi-automatic pistol was recovered from his bedroom along with drug residue and paraphernalia. The pistol was later determined to have been stolen from a Western Auto Store in West Virginia.
 
 
 9
 On February 10, 1992, Ferguson was arrested on a state charge of conspiracy to deliver a controlled substance. The underlying conduct that was the basis for the conspiracy was the controlled buy on January 30, 1992. On February 24, 1994, as a result of the state arrest, the United States Parole Commission issued a warrant application and warrant. On February 26, 1992, a detainer was filed against Ferguson on behalf of the United States Parole Commission. Ferguson, however, remained in state custody.
 
 
 10
 Ferguson was eventually convicted of the state conspiracy charge on February 2, 1993. His conviction, however, was overturned and he was retried and convicted of the same conspiracy charge on June 8, 1993. Ferguson was sentenced to one to five years imprisonment with an effective sentence date of February 10, 1993.
 
 
 11
 On September 14, 1993, Ferguson was indicted by a federal grand jury for possession of a firearm by a convicted felon. At that time, he was removed from the custody of the West Virginia Department of Corrections and taken into custody by the United States Marshals Service.
 
 
 12
 On December 30, 1993, Ferguson filed a motion to dismiss the indictment claiming that he was prejudiced due to the government's delay in commencing prosecution against him. At a plea hearing on January 28, 1994, Ferguson renewed his motion. The district court denied Ferguson's motion, noting that there were insufficient grounds to dismiss the indictment. Thereafter, Ferguson entered a plea of guilty to the sole count charged in the indictment.
 
 
 13
 A presentence report was prepared by the United States Probation Office. Using the 1993 Sentencing Guidelines, Ferguson's base level offense was 24 because he had two prior felony convictions involving controlled substances. See U.S.S.G. Sec. 2K2.1(a)(2). Ferguson's offense level was increased two levels because the firearm was stolen. See U.S.S.G. Sec. 2K2.1(b)(4). He then received a three level reduction for acceptance of responsibility. See U.S.S.G. Sec. 2E1.1(a) & (b). Thus, the presentence report calculated Ferguson's offense level at 23.
 
 
 14
 According to the presentence report, Ferguson's criminal convictions resulted in a subtotal criminal history score of eight. Because he was on parole when he committed the offense, he received two additional points. See U.S.S.G. Sec. 4A1.1(d). An additional point was added because the offense was committed less than two years following his release from custody. See U.S.S.G. Sec. 4A1.1(e). Thus, the presentence report calculated that Ferguson had 11 criminal history points resulting in a criminal history category of V. Based on an offense level of 23 and a criminal history of V, Ferguson's sentencing guideline range was 84 to 105 months.
 
 
 15
 After Ferguson was paroled on his state charge on March 17, 1994, he was sentenced by the district court. At the sentencing hearing, the court determined that Ferguson's criminal history category of V overstated the seriousness of his criminal history and, therefore, departed downward to a criminal history category of IV. As a result, Ferguson's sentencing guideline range was reduced to 70 to 87 months. The district court sentenced Ferguson to a term of 75 months imprisonment and further ordered that the sentence run concurrent with the state sentence. The district court also recommended that the Bureau of Prisons credit Ferguson for time already served as permitted by law. This appeal followed.
 
 II.
 
 16
 Ferguson first contends that the district court erred in refusing to dismiss the indictment because of pre-indictment delay. This argument is without merit.
 
 
 17
 Determination whether pre-indictment delay violated Ferguson's due process rights requires application of the two-pronged test set forth in United States v. Automated Medical Laboratories, Inc., 770 F.2d 399 (4th Cir.1985). First, we "must assess whether the defendant has suffered actual prejudice, and the burden of proving such prejudice is clearly on the defendant." Id. at 403. "If the threshold requirement of actual prejudice is met, the court must then consider the Government's reasons for the delay, balancing the prejudice to the defendant with the Government's justification for the delay." Id. at 403-04. "The basic inquiry then becomes whether the Government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.' " Id. at 404 (quoting United States v. Lovasco, 431 U.S. 783, 790 (1977)).
 
 
 18
 Ferguson has not established the requisite prejudice. He does not claim the delay prejudiced him because of faded memory or inability to locate witnesses. Instead, he asserts that his 1993 state drug conviction and the present offense were part of the same criminal conduct and that if the government had prosecuted him promptly, he could have served eighteen (18) months of his federal sentence concurrently with his state sentence. This argument fails because a felon has no right "to serve his federal and state sentences concurrently." See United States v. Fuzer, 18 F.3d 517, 520 (7th Cir.1994) (holding that district court did not err in refusing to dismiss indictment where nearly five year pre-indictment delay). Because Ferguson had no right to serve his federal and state sentences concurrently, he cannot use his inability to do so as a basis for establishing prejudice.[1] Therefore, the district court correctly denied the motion to dismiss.
 
 III.
 
 19
 Ferguson next contends that the district court erred at sentencing by not computing the amount of credit he was entitled to receive under 18 U.S.C. Sec. 3585. Ferguson argues that his federal sentence should run from February 26, 1992, the date on which the detainer was filed against him by the United States Parole Commission. This argument also lacks merit.
 
 
 20
 In United States v. Wilson, --- U.S. ----, ----, 112 S.Ct. 1351, 1354 (1992), the Supreme Court held that 18 U.S.C. Sec. 3585 does not authorize a district court to award credit at sentencing. The Court held that the Attorney General must compute the amount of credit awarded under 18 U.S.C. Sec. 3585 after the defendant has begun his sentence. Wilson, --- U.S. at ----, 112 S.Ct. at 1354-55. Therefore, it is clear that the district court was correct in not computing and giving credit for time served from February 26, 1992.[2]
 
 IV.
 
 21
 Finally, Ferguson contends the district court erred in its computation of his offense level and criminal history. Both these contentions are based upon the assertion that the district court incorrectly determined that the state drug conspiracy offense was not part of the instant offense as defined in U.S.S.G. Sec. 4A1.2(a)(1). This argument also fails.
 
 
 22
 We accept the findings of fact of the district court unless they are clearly erroneous and give due deference to the district court's application of the guidelines to the facts. United States v. Cutler, 36 F.3d 406, 407 (4th Cir.1994) (citing 18 U.S.C. Sec. 3742(e)); see United States v. Rivers, 929 F.2d 139-40 (4th Cir.1991). When reviewing the district court's legal interpretation of a guideline term, "the standard moves closer to de novo review." United States v. Gary, 18 F.3d 1123, 1127 (4th Cir.1994) (quoting United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989)).
 
 
 23
 "Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1). Prior sentences imposed in unrelated cases are to be counted separately and prior sentences imposed in related cases are to be treated as one sentence. U.S.S.G. Sec. 4A1.2(a)(2). United States Sentencing Guideline Sec. 4A1.2(a), Application Note 1, provides, in pertinent part, that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of Sec. 1B1.3."[3]
 
 
 24
 The question of related cases, referred to in Sec. 4A1.2(a)(2), applies to the relationship between prior sentences, not to the relationship between prior sentences and the present offense. United States v. McManus, 23 F.3d 878, 888 n. 7 (4th Cir.1994); United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.1992); United States v. Walling, 936 F.2d 469, 471 (10th Cir.1991). Therefore, Sec. 4A1.2(a)(2) has no application to the present case. Instead, the relationship between a prior sentence and the present offense is analyzed under Sec. 4A1.2(a)(1). See McManus, 23 F.3d at 888; Beddow, 957 F.2d at 1338; Walling, 936 F.2d at 471. The appropriate inquiry under Sec. 4A1.2(a)(1) prior to the amendment to Application Note 3 was whether the prior sentence and the present offense involved conduct severable into two distinct offenses. See McManus, 23 F.3d at 888 (quoting United States v. Beddow, 957 F.2d 1330, 1337 (6th Cir.1992)). This is necessarily a fact-specific inquiry. Id.
 
 
 25
 Ferguson argues that the district court applied the incorrect version of the United States Sentencing Guidelines. Ferguson was sentenced on April 15, 1994, and the district court used the Guidelines in effect at that time, the November 1993 version. Ferguson, however, contends that the court should have applied the November 1991 version of the Guidelines, which does not include the language in Application Note 1 to Sec. 4A1.2(a) quoted above, because it would result in a more favorable sentence.
 
 
 26
 As a general rule, a defendant's sentence should be based upon the Guidelines "in effect on the date the defendant is sentenced." 18 U.S.C. Sec. 3553(a)(4); U.S.S.G. Sec. 1B1.11(a). We have held, however, amendments to the Guidelines that occur after a defendant's offense but before sentencing should not be applied if doing so would increase the sentence because that would violate the ex post facto clause in Article I, Sec. 9 of the United States Constitution. See United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir.1991).
 
 
 27
 We find the district court used the correct version of the Guidelines. Post sentencing amendments which merely clarify guidelines may be considered without creating any ex post facto violation. United States v. Peters, 978 F.2d 166, 169-70 (5th Cir.1992); United States v. Scarano, 975 F.2d 580, 587 (9th Cir.1992.).[4] In this case, the additional language added to Application Note 1 to Sec. 4A1.2(a) was added to clarify the term "part of the instant offense." See United States Sentencing Guideline Manual, Appendix C, Amendment 493 (noting that amended language added "to avoid double counting and ensure consistency with other guideline provisions"). Therefore, the district court applied the correct version of the Guidelines. Furthermore, under either version of the Guidelines, we cannot say the district court committed clear error in determining that the state drug conspiracy offense was not part of the instant offense.
 
 
 28
 Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Ferguson also claims that the district court denied his motion to dismiss the indictment only because the court believed the matter could be taken up at sentencing. This argument lacks merit. A complete reading of the transcript of the plea hearing reveals that the court considered all the evidence before it prior to denying the motion to dismiss. The court also advised Ferguson at the plea hearing that it would await the presentence report before determining whether the 1993 state drug conviction and the present offense were part of the same course of conduct
 
 
 [2]
 The district court's judgment did recommend "that the Bureau of Prisons give the defendant as much credit for the time already served in custody as the law permits."
 
 
 [3]
 This language was added to Application Note 3 effective November 1, 1993. See United States Sentencing Guideline Manual, Appendix C, Amendment 493
 
 
 [4]
 Both these cases were cited for this proposition in United States v. Boatwright, 14 F.3d 597 (4th Cir.1994) (unpublished disposition)