53 F.3d 327
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Francisco Javier MEJIAS, Defendant, Appellant.
 No. 94-1057.
 United States Court of Appeals,
First Circuit.
 May 1, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge]
 Olga M. Shepard on brief for appellant.
 Guillermo Gil, United States Attorney, and Jeanette Mercado Rios, Assistant United States Attorney, on Motion Requesting Summary Disposition for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Francisco Javier Mejias appeals his conviction and sentence for illegal reentry into the United States after deportation subsequent to an aggravated felony conviction, 8 U.S.C. Sec. 1326(b)(2). We affirm.
 
 I. Background
 
 2
 According to the Pre-Sentence Report ("PSR"), Mejias, a citizen of the Dominican Republic, was arrested in Rhode Island in August 1992 and pleaded nolo contendere in state court to the charge of conspiring to violate Rhode Island's Uniform Controlled Substances Act. R.I. Gen. Laws Sec. 21-28-1.01, et seg. (1994). He was sentenced to three years in prison; execution of the sentence was suspended. Mejias was deported from New York to the Dominican Republic in February 1993. In May 1993, he arrived in Puerto Rico and was arrested while attempting to reenter the United States without having received permission of the Attorney General. Counsel was appointed to represent Mejias.
 
 
 3
 At a change of plea hearing before the United States District Court for the District of Puerto Rico, on July 6, 1993, Mejias pled guilty to the single count of his indictment, charging him with illegal reentry following deportation subsequent to conviction for the commission of an aggravated felony, in violation of 8 U.S.C. Sec. 1326(b)(2). The PSR calculated a total offense level of 21. Starting with a base offense level of 8, the PSR added 16 levels for Mejias' prior conviction for an aggravated felony pursuant to the United States Sentencing Guidelines ("U.S.S.G.") Sec. 2L1.2(b)(2). Three levels were subtracted for Mejias' acceptance of responsibility. Based upon a criminal history category of II and a total offense level of 21, the PSR arrived at a guideline sentencing range of 41 to 51 months. There were no objections to the PSR.
 
 
 4
 Prior to sentencing, Mejias filed a motion to dismiss the indictment. He argued that his prosecution under 8 U.S.C. Sec. 1326(b)(2) violated the Constitution's ex post facto clause. He asserted that he had been informed at the time of his deportation that the maximum penalty he could receive for illegal reentry was two years. The district court denied the motion and sentenced Mejias on December 13, 1994, to a prison term of 41 months. Mejias appealed and counsel was appointed to represent him on appeal.
 
 
 5
 Appellate counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in July, 1994. The government moved for summary dismissal of the appeal. In an order dated October 14, 1994, this court denied the government's motion to dismiss and counsel's motion to withdraw, without prejudice to re-filing of the motions after counsel obtained and reviewed a transcript of the change of plea hearing. Counsel has obtained and reviewed that transcript and, finding no error in the change of plea proceedings, has filed a supplemental Anders brief and a new motion to withdraw. The government has filed a new motion for summary dismissal.
 
 II. Discussion
 
 6
 The Anders brief identifies two grounds for appeal: 1) the ex post facto argument raised by Mejias' motion to dismiss his indictment and 2) the argument that the district court erred in adding 16 levels to the base offense level because Mejias' prior conviction was not an "aggravated felony," within the meaning of U.S.S.G. Sec. 2L1.2(b)(2). For the reasons that follow, we agree with Mejias' counsel that both arguments are frivolous.
 
 
 7
 A. Violation of Ex Post Facto Clause.
 
 
 8
 The Constitution's ex post facto clause bars the retrospective application of laws that materially disadvantage a defendant. Section 1326(b)(2) went into effect in November, 1988. Mejias was deported in 1993. Therefore, the application of Sec. 1326(b)(2) to his conduct was not "retrospective" and the ex post facto clause was not violated. See United States v. Troncoso, 23 F.3d 612, 615 (1st Cir. 1994), (rejecting ex post facto argument where appellant "failed to demonstrate that the law is 'retrospective, that is it must apply to events occurring before its enactment.' "), cert. denied, ___ U.S ___, 115 S.Ct 912 (1995).
 
 
 9
 Nor is there any support in the record for Mejias' argument that the court is estopped from sentencing Mejias beyond two years based upon representations by the INS at the time of his deportation. The record includes a copy of the INS Form I-294 that was given to Mejias at the time of his deportation and signed by him. The form states that the maximum sentence is fifteen years for illegal re-entry by an alien whose deportation was subsequent to conviction for an aggravated felony. Mejias does not contest that he received the I-294 Form signed by him. Therefore, as there was no government misrepresentation, Mejias has failed to satisfy a threshold element of the estoppel doctrine. See Troncoso, 23 F.3d at 615. Moreover, even if the INS had misinformed Mejias of the maximum penalty for illegal reentry, the court would not be estopped from sentencing him in excess of two years for his purposeful felonious conduct in illegally reentering the country. See id at 616; United States v. Smith, 14 F.3d 662, 666 (1st Cir. 1994) (government's misrepresentation regarding maximum sentence did not justify downward departure).
 
 B. Aggravated Felony Conviction
 
 10
 In view of the complete lack of factual or legal support for Mejias' ex post facto argument, appellate counsel identified the following alternative argument: the sentencing court erred in applying a 16-level enhancement to his offense level under U.S.S.G. Sec. 2L1.2(b)(2), because the state conviction that triggered the enhancement is not specifically classified in the state record as an aggravated felony. This issue was not raised before the district court.
 
 
 11
 The "Judgment of Conviction and Commitment" from the Rhode Island Superior Court indicates only that Mejias was convicted of conspiracy to violate the Controlled Substances Act. No specific section of the Rhode Island Act is cited. From the PSR, however, it is evident that possession of cocaine with intent to distribute was at least one aspect of the charge to which Mejias pleaded nolo contendere.
 
 
 12
 This court recently outlined the criteria for classifying a prior conviction as an "aggravated felony" for purposes of U.S.S.G. Sec. 2L1.2, as follows:
 
 
 13
 "Aggravated felony" is defined in paragraph 7 of the Application Notes to Sec. 2L1.2 to include "any illicit trafficking in any controlled substance (as defined in 21 U.S.C. 802), including any drug trafficking crime as defined in 18 U.S.C. 924(c)(2) ..." and applies to offenses in violation of federal or state law.
 
 
 14
 A "drug trafficking crime" is defined in U.S.C. Sec. 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951, et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901, et seq.)." For a drug offense to come within this statute and, in turn, to meet the definition of "aggravated felony," it must meet two criteria: first, the offense must be punishable under one of these three enumerated statutes; and second, the offense must be a felony. Amaral v. I.N.S., 977 F.2d 33,35 (1st Cir., 1992).
 
 
 15
 United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994).
 
 
 16
 Mejias' state conviction meets both criteria. Even simple possession of drugs is punishable under the federal Controlled Substance Act. See 21 U.S.C. Sec. 844(a). A felony is defined under 21 U.S.C. Sec. 802(13) as "any Federal or State offense classified by applicable Federal or State Law as a felony." Under Rhode Law, an offense is a felony if the maximum authorized term of imprisonment exceeds one year. See R.I. Gen. Laws Sec. 11-1-2 (1994). The maximum term of imprisonment authorized for conspiracy to possess with intent to deliver cocaine exceeds one year under Rhode Island law. See R.I. Gen. Laws Secs. 21-28-4.01(A)(2)(a) and 21-28-4.08 (1994). Therefore, Mejias' conviction is a felony punishable by one of the enumerated statutes in 18 U.S.C. Sec. 924(c)(2), and it qualifies as an aggravated felony for purposes of U.S.S.G. Sec. 2L1.2.
 
 
 17
 We conclude that counsel, having obtained and reviewed the transcript from the change of plea hearing, has fully complied with her obligation under Anders to review the entire record for any arguable claim. In accordance with our obligation under Anders, we too have fully examined the record. We conclude that the appeal is wholly frivolous and, accordingly, we grant counsel's motion to withdraw. Appellant's conviction and sentence are affirmed. See Loc. R. 27.1.