USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1918

 UNITED STATES,

 Appellee,

 v.

 JOSE DANIEL CRUZ-APONTE,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 
 Jorge L. Arroyo-Alejandro on brief for appellant.
 Guillermo Gil, United States Attorney, and Nelson Perez-Sosa,
on Motion Requesting That The Instant Case Be Remanded, for
appellee.

April 21, 1999

 
 
 Per Curiam. Upon consideration of the defendant's
 brief, the government's motion for remand and the record, we
 conclude that the district court did consider the substance of
 defendant's request for a departure under U.S.S.G. 4A1.3. 
 The district court determined that no departure would be
 warranted in light of defendant's violent prior offenses and
 that decision is not reviewable. See United States v. Leblanc,
 24 F.3d 340, 348 (1st Cir. 1994). We need not decide whether
 the district court had authority to depart from the sentence
 specified in the Rule 11(e)(1)(C) plea agreement.
 Defendant's other claim--that his prior drug
 trafficking sentence was related to the instant offense and
 should not be counted as criminal history--is arguably
 preserved only for plain error review since the defendant did
 not expressly dispute his criminal history category in the pre-
 sentence report and the relatedness claim was offered in the
 district court only as an alternative ground for departure. It
 could also be questioned whether the counting of the prior
 sentence could be regarded as plain error since there may be
 nothing in the present record that compels the inference that
 the sentence in no. 97cr011(pg) was for conduct that was "part"
 of the instant offense. See U.S.S.G. 4A1.2(a)(1) &
 application note 1. (It is this provision, and not 
 4A1.2(a)(2) which is pertinent. See United States v. Troncoso,
 23 F.3d 612, 616 (1st Cir. 1994).)
 Nevertheless, the government's motion for remand
 effectively waives any claim that the defendant did not
 adequately preserve the issue. And while we doubt that there
 was plain error treating the two crimes as unrelated, this may
 or may not have been error and could have a significant effect
 on the sentence. The government's efforts to assure that
 defendant is not sentenced beyond what he deserves is
 commendable. Accordingly, the government's motion for remand
 is granted and the district court is requested to make findings
 as to whether the sentence in no. 97cr011(pg) was properly
 reflected in defendant's criminal history. If the court
 concludes that the defendant's sentence should not be changed,
 we request that it supplement the record for this appeal with
 a written order stating its findings on the relatedness issue. 
 If it concludes that the sentence should be altered, it is free
 to modify the sentence and judgment accordingly, subject always
 to either side's right to seek further review. We will retain
 jurisdiction of this appeal pending the proceedings on remand.
 It is so ordered.