**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

————

No. 04-2187

UNITED STATES OF AMERICA,

Appellee,

v.

JESÚS MANUEL DÍAZ CORREA,

Defendant, Appellant.

————

No. 04-2331

UNITED STATES OF AMERICA,

Appellee,

v.

JORGE D. LÓPEZ-ENCARNACIÓN,

Defendant, Appellant.

————

No. 04-2369

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ M. MORALES-BORIA,

Defendant, Appellant.

————

No. 04-2420

UNITED STATES OF AMERICA,

Appellee,

v.

ZILKIA MARRERO-VARGAS,

Defendant, Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

———————————

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

———————————

Juan J. Hernández López de Victoria on brief for appellant
Jesús M. Díaz Correa.
Guillermo A. Macari-Grillo on brief for appellant Jorge López-
Encarnacion.
Olga M. Shepard De Mari on brief for appellant José Morales-
Boria.
Lydia Lizarribar-Masini on brief for appellant Zilkia Marrero-
Vargas.
Germán A. Rieckehoff, Assistant U.S. Attorney, Nelson Pérez-
Sosa, Assistant U.S. Attorney, and H.S. Garcia, United States
Attorney, on brief for appellee.

———————————

June 28, 2006

———————————

**Per Curiam**.  This is an appeal by four co-defendants-- Jesús Manuel Díaz Correa ("Díaz"), Jorge D. López-Encarnación ("López"), José M. Morales-Boria ("Morales"), and Zilkia Marrero-Vargas ("Marrero")--from sentences imposed after they pled guilty to conspiring to commit credit card fraud and other related crimes.  All defendants seek resentencing under United States v. Booker, 543 U.S. 220 (2005).  In addition, defendants Morales and López challenge their sentences on other grounds.  For the reasons discussed below, we vacate all of the defendants' sentences and remand for resentencing under Booker.

A.   *Booker* Claims

As the government correctly concedes, all defendants preserved their Booker arguments by arguing below that the Guidelines were unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004).  See United States v. Antonakopoulos, 399 F.3d 68, 74 (1st Cir. 2005).  Accordingly, we review defendants' Booker claims for harmless error.  United States v. Fornia-Castillo, 408 F.3d 52, 73 (1st Cir. 2005).  Under that standard, "to avoid a remand for resentencing under advisory Guidelines, 'the government has the burden of proving . . . that the error did not affect the defendant[s'] substantial rights.  That is, we must be convinced that a lower sentence would not have been imposed had the Guidelines been advisory.'"  Id. (quoting United States v. Vázquez-

<u>Rivera</u>, 407 F.3d 476, 490 (1st Cir.), <u>cert. denied</u>, 126 S. Ct. 279 (2005)).

Here, for all but one defendant,[1] Díaz, the government does not even attempt to show that the district court would have imposed the same sentence under the advisory Guidelines and other statutory factors. As to Díaz, the government argues that the sentence was driven, not by the mandatory Guidelines, but by the parties' stipulations in the plea agreement, which the court simply adopted. But those stipulations, entered into pre-<u>Booker</u>, dealt only with the Guidelines calculations and therefore provide no insight into what the district court would have done if the Guidelines were not mandatory and other factors were also considered. Indeed, at sentencing, Díaz's counsel specifically asked the district judge how he would sentence Díaz if the Guidelines were declared unconstitutional, but the judge declined to answer that hypothetical question. If anything, the fact that the court adopted the parties' recommendation to sentence Díaz at the bottom of the applicable Guidelines range is an indication that

---

[1]We reject the government's argument that all defendants except Díaz waived the benefit of the harmless error standard by not expressly invoking it in their briefs. Nor did the defendants waive their <u>Booker</u> claims by stipulating to certain Guidelines calculations in their plea agreements, as the government further contends. While such stipulations may be binding as to particular Guidelines calculations, <u>United States</u> v. <u>Serrano-Beauvaix</u>, 400 F.3d 50, 54 (1st Cir.), <u>cert. denied</u>, 126 S. Ct. 106 (2005), they do not preclude a defendant from seeking resentencing under a scheme where the Guidelines calculations are not dispositive.

the court might have imposed an even lower sentence if it had the discretion to do so. Vázquez-Rivera, 407 F.3d at 490. Under those circumstances, we are not convinced that the district court would have imposed the same sentence absent the mandatory nature of the Guidelines. Cf. United States v. Benedetti, 433 F.3d 111, 119 (1st Cir. 2005) (finding Booker error harmless where the court stated that it would apply "exactly the same sentence" if the Guidelines were unconstitutional). Similarly, as to the remaining defendants, nothing in the record indicates that the sentencing judge would have imposed the same sentences if he were not bound by the Guidelines.

Accordingly, we conclude that the government has failed to meet its burden of demonstrating harmless error and therefore vacate and remand all defendants' sentences for resentencing under Booker, using the protocols endorsed in United States v. Jiménez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc). "[O]ur decision to remand should not be read as a 'suggestion or a prediction that [defendants'] sentence[s] will necessarily be altered.' This is especially true 'where . . . the harmless error test[] makes even a modest possibility of change enough to warrant remand.'" United States v. Gómez-Rosario, 418 F.3d 90, 109 (1st Cir. 2005) (citations omitted).

B.   Other Claims

Because Morales will be resentenced under Booker, his procedural challenges to his sentencing proceedings--that the court refused to consider his illegible written objections to the presentence report and refused to grant his motion to continue the sentencing hearing--are moot and therefore need not be considered. However, to guide the district court in resentencing Morales and Lopez, we will address their substantive challenges to their Guideline calculations. United States v. Green, 426 F.3d 64, 66 (1st Cir. 2005).

Morales's substantive challenge focuses on the calculation of the amount of loss and number of victims attributable to him for sentencing purposes. He claims that the district court erred in basing his sentence on the total amount of loss (more than $400,000) and total number of victims (between 10 and 50) attributable to the entire conspiracy, rather than on the smaller quantities involved in the overt acts with which he was charged or otherwise evidenced by materials provided in discovery.

The district court correctly rejected that argument and held Morales to the Guidelines calculations that he stipulated to in his plea agreement, which were expressly based on the $400,000 loss amount and the 10-to-50 victims. As we recently reiterated in a decision involving another co-defendant in this same case, "[o]rdinarily, a defendant can be held to such stipulations."

United States v. Rodríguez-González, 433 F.3d 165, 167 (1st Cir. 2005) (citing United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001)). In this case, unlike in Rodríguez-González, there is no claim that the defendant joined the conspiracy late, so the principle that a late-joining member of a conspiracy is not responsible, for sentencing purposes, for conduct of his co-conspirators before he joined, id. at 168, has no bearing here. Nor does the record here evidence any confusion on the judge's part as to the applicable standard. Cf. id. at 168-69.

López argues that, in determining his criminal history category, the district court erred in counting one of his prior convictions. In reviewing this claim of Guidelines error, the pre-Booker standards of review still apply; the district court's interpretation of the Guidelines is reviewed de novo and its related factual findings are reviewed for clear error. United States v. Robinson, 433 F.3d 31, 35, 38 (1st Cir. 2005).

Specifically, López claims that his March 2003 state conviction for attempting to cash a false check should not have been counted in computing his criminal history score because that conviction was "part of the instant offense," within the meaning of U.S.S.G. § 4A.1.2. The district court rejected that argument, reasoning that the prior conviction for check fraud was for a different offense, more akin to bank fraud, than the instant conviction for credit card fraud.

In so concluding, the district court does not appear to have considered several other factors relevant to whether the prior offense was "part of" the instant one, including whether the offenses are "'substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.'" United States v. Collazo-Aponte, 216 F.3d 163, 203 (1st Cir. 2000) (quoting U.S.S.G. § 1B1.3 comment. (n.9(A)[2])), vacated on other grounds, 532 U.S. 1036 (2001). While "[t]he nature of the offenses may also be a relevant consideration," U.S.S.G. § 1B1.3 comment. (n.9(B)), it is not dispositive, id. The district court cannot therefore rely on that single factor without considering the other factors. Because determining whether a prior offense is part of the instant offense is "necessarily a fact-specific inquiry," id. (quotation marks and citation omitted); see also Troncoso, 23 F.3d at 616, we leave that determination to the district court in the first instance.

All of the appellants' sentences are vacated and the matter is remanded to the district court for resentencing in accordance with this opinion.

It is so ordered.

---

[2]This application note--rather than application note 3, which describes the circumstances under which prior sentences are "related" to each other--is the one that applies here. See United States v. Cyr, 337 F.3d 96, 99 n.1 (1st Cir. 2003); United States v. Troncoso, 23 F.3d 612, 616 n.4 (1st Cir. 1994). The government's reliance on application note 3 is therefore misplaced.