# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3101

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *    Appeal from the United States
     v.                            *    District Court for the
                                   *    Northern District of Iowa.
Isaias Alvarenga Vasquez,          *
                                   *    [UNPUBLISHED]
          Appellant.               *

_____

Submitted: August 9, 2006
Filed: August 14, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Isaias Alvarenga Vasquez pleaded guilty to illegally reentering the United States after having been deported following a conviction in Iowa for reckless use of a firearm. Ruling that the Iowa conviction was an aggravated felony, the district court[1] sentenced Vasquez to 24 months in prison and 2 years of supervised release. See 8 U.S.C. § 1326(a), (b)(2).

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

On appeal, Vasquez's counsel argues a prior sentence Vasquez received for a marijuana-possession conviction should not have counted in the criminal history calculation, because that offense conduct was related to the instant offense as both offenses occurred at the same time and in the same place. We disagree. The offenses were severable and distinct, and the only connection between the marijuana possession and the illegal reentry was that the former led to his arrest for the latter. See United States v. Troncoso, 23 F.3d 612, 616-17 (1st Cir. 1994) (district court did not err in counting prior drug-offense sentence in criminal history for illegal-reentry conviction, because offenses were severable and distinct; only connection between drug-sales conduct and immigration-offense conduct was that drug-sales conduct "set in motion a chain of events" resulting in discovery of defendant's illegal immigration status).

Counsel also argues, pursuant to Anders v. California, 386 U.S. 738 (1967), that Vasquez's prior conviction for reckless use of a firearm was not an aggravated felony, and thus the court erred in imposing an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Again, we disagree. The Iowa offense of reckless use of a firearm is punishable by up to 2 years in prison, see Iowa Code §§ 724.30 (2003), 903.1 (2003), and the offense conduct creates a substantial risk of injury, see United States v. Smith, 422 F.3d 715, 722-23 (8th Cir. 2005). See 8 U.S.C. § 1101(a)(43), 18 U.S.C. § 16, U.S.S.G. § 2L1.2, comment. (n.3) (defining aggravated felony).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude there are no nonfrivolous issues. Accordingly, we affirm.

_____