Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-2721

UNITED STATES OF AMERICA,

Appellee,

v.

JESÚS MANUEL DÍAZ-CORREA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Ryan Thomas Truskoski on brief for appellant.
Rosa Emilia Rodriguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant U. S. Attorney, and Mariana E. Bauzá-Almonte, Assistant U.S. Attorney, on brief for appellee.

August 4, 2008

**Per Curiam**.  On remand from this court for resentencing under United States v. Booker, 543 U.S. 220 (2005), see United States v. Díaz-Correa, No. 04-2187, 186 F. App'x 12 (1st Cir. June 28, 2006) (per curiam) (unpublished), defendant Jesús Manuel Díaz-Correa ("Díaz") was resentenced to the same sentence previously imposed, 57 months of imprisonment and five years of supervised release.  This is Díaz's appeal from that sentence.

Díaz raises the following issues: (1) whether the district court erred in imposing an enhancement for "theft from the person of another" under USSG § 2B1.1.(b)(3) where the offense conduct--identity theft--involved no physical taking of property; (2) whether the district court erred in failing to make an individualized determination of the loss amount and the number of victims for which Díaz was accountable for sentencing purposes; (3) whether the district court erred in imposing an enhancement for "sophisticated means" under USSG § 2B1.1(b)(8)(c); and (4) whether the sentence imposed was unreasonable under Gall v. United States, 128 S. Ct. 586 (2007).  We will consider each of them in that order.

1.  Enhancement for "theft from the person of another."

This issue raises two threshold questions:  (a) Whether appellate consideration of this issue is barred by the law-of-the-case doctrine since it was not raised in Díaz's first appeal, see United States v. Ticchiarelli, 171 F.3d 24, 29 (1st Cir. 1999); and

(b) if not, whether appellate correction of this alleged error is nevertheless barred by Díaz's failure to raise it at his resentencing, United States v. Mangone, 105 F.3d 29, 35 (1st Cir. 1997). Both of these potential bars to appellate review have exceptions where the alleged error is sufficiently blatant and prejudicial. United States v. Vigneau, 337 F.3d 62, 67-68 (1st Cir. 2003) (stating exceptions to law-of-the-case doctrine); United States v. Olano, 507 U.S. 725, 734 (1993) (stating standards for appellate correction of forfeited error). First we will consider the plainness of the error and then whether it was sufficiently prejudicial to warrant appellate review despite Díaz's double forfeiture.

At his original sentencing, Díaz argued that no enhancement for "theft from the person of another" should be imposed because the relevant conduct--electronically recording account information from credit cards without the card holders' knowledge--did not involve a physical taking "'of property that was being held by another person or was within arms' reach.'" The district court rejected that argument, finding that the offense conduct amounted to "theft" of a credit card within the meaning of USSG § 2B1.1(b)(3). That conclusion was error, as clarified by our subsequent decision in United States v. Pizarro-Berríos, 448 F.3d 1, 10-11 (1st Cir. 2006). In that case, involving other participants in the same scheme at issue here, we held that "the

- 3 -

guideline is intended to apply to physical takings, not to abstract forms of theft that take place far from the victim, like credit card fraud." Id. at 11. At least after Pizzaro-Berríos, that error is sufficiently plain to satisfy the first two prongs of the Olano plain-error standard.

Where correction of such a guidelines calculation error would lead to a lower sentence, remand for resentencing is ordinarily warranted under the third and fourth prongs of that standard. United States v. Antonakopoulos, 399 F.3d 68, 81 (1st Cir. 2005). Here, correction of the error would reduce Díaz's offense level by two levels and reduce his guidelines sentencing range from 57-71 months to 46-57 months. However, because Díaz has already served his prison sentence, reducing his guidelines range for imprisonment would not, by itself, be of any consequence on remand. But, as discussed next, there may have been a more consequential error.

2. Individualized determination of amount of loss and number of victims.

This issue was mentioned--albeit obliquely--in Díaz's first appeal. Therefore, the law-of-the-case doctrine is inapplicable to this issue. Nor is this court's review of this issue limited by the plain-error doctrine since, unlike the issue discussed above, this one was renewed at resentencing.

Díaz argues that, despite his stipulation in his plea agreement to a 14-level enhancement based on losses of over

$400,000 that resulted from the conspiracy as a whole, he should be held accountable only for the approximately $2,500 in purchases that he personally made and that were alleged as overt acts in the indictment and in the government's version of facts, to which he stipulated at his change-of-plea hearing. He makes essentially the same objection to the enhancement for 10 to 50 victims, arguing that, despite his agreement to that enhancement in his plea agreement, he should be held accountable only for the two victims of his two purchases that were alleged as overt acts in the indictment and described in the stipulated version of the facts.

Ordinarily, defendants are bound by their stipulations to guideline calculations in their plea agreements, United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001), but not where those stipulations are based on errors of law, id. Also, the court can relieve parties from stipulations of fact or of the application of guidelines to facts "on terms that are just." Id. Here, Díaz's stipulation to "[l]osses over $400k" for purposes of application of a 14-level enhancement, is muddied by his stipulation, in the same document, to serving as a purchaser "for an organization involved in a scheme to defraud federally-insured financial institutions, in excess of four hundred thousand dollars ($400,000.00)" (emphasis added) and by his counsel's repeated protestations that Díaz was responsible only for the much smaller amounts of his own purchases.

The record is susceptible of two different readings.  One reading is that Díaz stipulated and the court found, as a factual matter, that the $400,000 loss amount and the 10-50 victims were foreseeable by Díaz, in which case, that amount and number of victims were properly attributed to him.  Pizzaro-Berríos, 448 F.3d at 7.  However, an equally plausible reading is that the court mistakenly believed that Díaz's stipulation to the overall loss amount and number of victims relieved the court of its responsibility to "make an individualized determination regarding the amount of loss [and number of victims] attributable to, or reasonably foreseeable by [Díaz]," id., in which case the district court erred.

To eliminate the latter possibility (particularly in light of the potential effect of this error on defendant's supervised release term),[1] we will remand this case to the district court with instructions to make such individualized determinations and, if warranted, to recalculate Díaz's guidelines range accordingly.

---

[1]If Díaz were held accountable for only the $2,500 in purchases he personally made rather than for the $400,000 loss resulting from the conspiracy as a whole and for only 2 rather than 10 to 50 victims, his offense level would drop 16 levels, USSG § 2B1.1(b)(1), (2), and his resulting guidelines sentencing range would be 4 to 10 months.  For a sentence within that range, the guidelines do not recommend any supervised release time.  USSG § 5D1.1(a).

3.  Enhancement for sophisticated means.

Díaz acknowledges that this issue was not raised in his first appeal or at his resentencing but makes only the conclusory statement that the error was sufficiently "plain" to warrant correction in any event.  He makes no attempt to get around his stipulation to this enhancement in his plea agreement.  His discussion of the merits of that issue is equally perfunctory. Accordingly, we decline to address the issue.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

4.  Unreasonableness of the sentence under *Gall*.

To the extent that the district court erred in interpreting the guidelines or applying them to the facts of this case, such errors render its sentence procedurally unreasonable. Gall, 128 S. Ct. at 597.  Apart from those purported errors, which have already been discussed, Díaz argues only that the district court failed to consider his "very limited role in the conspiracy." The short answer to that contention is that the district court took Díaz's minor role into account by applying a two-level downward adjustment to his offense level on that basis.  The court also heard but rejected defendant's other arguments for leniency under 18 U.S.C. § 3553(a).  No more was required, Gall, 128 S. Ct. at 596, particularly where, as here, the ultimate sentence fell within the guidelines range, Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

In sum, because the district court plainly erred in applying an enhancement for "theft from the person of another" and may have erred in failing to make individualized determinations of the loss amount and the number of victims for which Díaz was accountable, we <u>vacate</u> the sentence and <u>remand</u> the case to the district court for resentencing.  On remand, the district court should eliminate the two-level enhancement for theft from the person of another; should make individualized determinations of the amount of loss and number of victims for which <u>Diaz</u> was accountable either on the existing record or, if the court deems necessary, after taking additional evidence; and should recalculate the guidelines sentencing range if its individualized determinations require it.  If the top of the resulting range falls below one year, then the court should also reconsider Díaz's term of supervised release in light of the guidelines (which permit but do not recommend any supervised release where the prison sentence imposed is less than one year, USSG § 5D1.1) and the other factors referenced in 18 U.S.C. § 3553(c).